JOSEPH DOBSON and others v. ROXANNA SIMONTON, Executrix, and others.

*Practice—Creditor's Bill--Bank--Injunction--Receiver.*

In an action wherein certain creditors of an alleged bank, which had never organized under the terms of its charter, but under the ownership and control of one S had done business in its corporate name, were plaintiffs in a creditors bill, and the executrix of S and certain other creditors who after the death of S had obtained judgments against the bank and were seeking to collect them, were defendants; in which action the plaintiffs demanded that the judgments in favor of the defendants be declared void, that the supposed assets of the bank be declared part of the estate of S, and that an account be taken, &c , and obtained an injunction in the Court below restraining the defendant creditors from proceeding to collect their judgments and the defendant executrix from paying any of the debts of the bank or of her testator ; *It was held,* that the injunction should be continued until the hearing, a Receiver of the bank assets appointed, and the issue of fact arising in the action submitted to a jury unless by consent they should be submitted to a Referee.

CIVIL ACTION, tried at Fall Term, 1877, of IREDELL Superior Court, before *Cloud, J.*

The order of injunction heretofore granted in this action was continued by His Honor until the hearing and the defendants appealed. The facts are set out by Mr. Justice RODMAN in delivering the opinion of this Court. (See preceding case.)

Messrs. *Shipp & Bailey,* for plaintiff.

Messrs. *Jones & Johnston, A. W. Haywood, G. N. Folk, J. M. McCorkle, R. F. Armfield* and *M. L. McCorkle,* for the different defendants.

RODMAN, J. The action is brought by the plaintiffs claiming to be creditors of the Bank of Statesville in behalf of themselves and all others, &c.

The complaint alleges that an Act of Assembly of March, 1870, incorporated Simonton and others, into a corporation by the name of the Bank of Statesville, and required them to open books of subscription to the stock of the corporation, and enacted that when a certain amount of capital stock, 200 shares of $100 each had been subscribed for, and paid in, the subscribers should elect officers, &c., and might contract in its corporate name. That although no books of subscription were opened, and no shares subscribed for, and no capital paid in, and no officers elected, yet Simonton pretending that such corporation had been regularly and lawfully organized, and that he was Cashier, and Tate, President thereof, entered into extensive dealings in the name of said supposed corporation, whereby he became indebted to the plaintiff, and others, which debts are unpaid. In February, 1876, Simonton died leaving the defendant Roxanna, his executrix, and shortly afterwards it was discovered that the supposed Bank was insolvent and had never had a corporate existence, and that all the supposed property and effects of the Bank were in fact the property of Simonton, that in consequence of his 'false representations he was personally liable to the creditors of the supposed Bank for all debts incurred in its name, and that his estate is insolvent.

The complaint further says that Patterson, and certain other defendants, being creditors of said Bank, after the death of Simonton, sued the said Bank and his executrix; that the summons was served on the executrix, and one Sharpe, neither of whom were officers of the Bank, and got judgment, and by execution and supplementary proceedings are endeavoring to collect the same from the assets of the Bank.

It alleges that as the supposed Bank never had a corporate existence, the judgments against it are nullities, and that the executrix of Simonton is wasting the assets of the

supposed Bank, by paying the debts of her testator out of the due order of priority, and demands judgment:—

1. That the judgments in favor of defendants be declared void.

2. That the supposed assets of the so-called Bank may be declared a part of the estate of Simonton.

3. That defendants, Patterson and others, and all others having claims against the so-called Bank, be enjoined from proceeding to collect the same.

4. That the executrix of Simonton be enjoined from paying any debts of the Bank or of her testator, and that an account be taken of her receipts and dealings, &c.

On this complaint an injunction issued on 23rd day of Aug. 1877.

It will suffice to make this decision intelligible, to state very generally and briefly the answer of the defendant judgment creditors.

They say that the Bank was organized substantially in compliance with the Act of 1870; officers were duly elected, or at least permitted themselves to be held out to the world as having been; they acted in those capacities; the Bank did business for several years under its corporate name; confiding in these representations, and believing it to be a legal and duly organized corporation; they dealt with it, and became its creditors; they have regularly obtained judgments for their respective debts; and have a lien on the assets of the Bank, preferable to the individual creditors of Simonton, and to all other creditors of the Bank, who have obtained no liens. These are the issues made by the pleadings; until the facts are finally proved, it would be premature to consider any questions of law which may arise upon them farther than is necessary to justify our present conclusion.

Assuming for the occasion only, that the Bank of Statesville had a corporate existence as to those who *bona fide*

5

dealt with it, it is clear that it has voluntarily dissolved. Nobody claims to own its stock, and all its supposed officers disclaim their offices. It is a clear case therefore for the appointment of a Receiver to take charge of and preserve its effects, subject to the order of the Court.

To enable him to do this, the injunction must be continued until the hearing, when of course it will be subject to the order of the Court. The issues of fact arising on the pleadings must be submitted to a jury, unless the parties shall agree to submit them to a Referee. In that case the Referee will report an account of all claims against the supposed Bank, with the circumstances of each, as far as may be necessary to determine its prior right to payment over other claims, and also on such other matters as may be committed to him. The Receiver will be required to report as to the effects which may come into his hands and his dealings with them.

This case is remanded to be proceeded in, &c. Neither party will recover costs in this Court.

PER CURIAM.                    Judgment accordingly.