(119 N. W. 635.)

---

The State of North Dakota ex rel. Thomas H. Poole v. S. L. Nuchols, W. C. Treumann, Wm. R. Purdon, B. C. Boyd, Arthur E. McKean and R. A. Thompson.

Opinion filed February 11, 1909.

### Constitutional Law — Jurisdiction of Supreme Court.

1. Sections 86 and 87 of the constitution of North Dakota constitute a grant of power to the Supreme Court, and, the language thereof being restrictive in its terms, this court has such jurisdiction, and only such, as is expressly or by necessary implication, therein granted.

### Same — Writ of Prohibition.

2. By section 86 the Supreme Court is granted appellate jurisdiction only, "except as otherwise provided in this constitution," together with "a general superintending control over all inferior courts. * * *" Section 87 is the only place in the constitution where it is otherwise provided. This section grants power to the Supreme Court "to issue writs of habeas corpus, mandamus, quo warranto,

certiorari, injunction, and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction." *Held,* that the writ of prohibition not being one of the enumerated writs, this court is without jurisdiction to issue the same, except where its issuance is necessary to the proper exercise of its jurisdiction in a pending cause, or to effectuate this court's general superintending control over inferior courts.

### Same — Inferior Courts — Courts-Martial.

3. A court-martial is not an inferior court within the meaning of section 86 of the Constitution; it not belonging to the judicial, but to the executive, department of the government. The inferior courts referred to in section 86 are the courts enumerated in section 85 which belong to the judicial department.

Application by the State, on the relation of Thomas H. Poole, for writ of prohibition against S. L. Nuchols and others.

Writ denied.

*Engerud, Holt & Frame,* for plaintiffs.

*Andrew Miller, Attorney General,* and *Brigadier General M. A. Hildreth, Retired, Judge Advocate,* for defendants.

Unconstitutionality of Articles of War is no defense to a charge of disobedience of an order of the commander in chief. Dudley on Military Law, 135; Winthrop on Military Law, Vol. 2, p. 189; Military Laws of the United States, 973 and cases cited.

Conduct unbecoming an officer and gentleman in the 61st Article of War is a proper charge. Carter case, 105 Fed. Rep. 617, 183 U. S. 386.

The commission of or attempt to commit a crime constitutes such conduct: Dudley Military Law, 409, Carter case, 183 U. S. 365; Military Laws of the United States 996; 2 Winthrop's Military Law and Precedents, 1104, 1114, 1115.

The governor as commander in chief has power to order a general court-martial. Sec. 71, 75 Constitution; Secs. 1719, 1764, 1797, Political Code.

Retired officer is subject to the Articles of War. Military Law of U. S. p. 492; Dudley on Military Law, p. 53.

The court has jurisdiction of accused because he is a retired officer of the national guard, and as such is subject to the orders of the commander in chief, and has disobeyed them. Sec. 1764 Political Code; Section 1797 Political Code; Military Laws of U. S. p. 494;

Barrett v. Hopkins, 7th Fed. Rep. 312; Houston v. Moore, 5 Wheat. 1; 126 N. Y. 504; 35 So. 729; 55 Atl. 952; 206 Pa. St. 165; Smith v. Whitney, 116 U. S. 167; 29 L. Ed. 604; Carter Cases, 183 U. S. 363; 97 Fed. Rep. 496; 99 Fed. Rep. 949; 105 Fed. Rep. 614.

Prohibition will not lie to a general court-martial. 1 Winthrop's Military Laws and Precedents, 53; 116 U. S. 168; United States v. Maney, 61 Fed. Rep. 140.

Where a court-martial has jurisdiction, supreme court cannot interfere. I Winthrop's Military Law and Precedents, 61; 23 Fed. Rep. 879; 100 U. S. 13; 21 Fed. Rep. 620; Dynes v. Hoover, 20 How. 83; People v. Van Allen, 55 N. Y. 36; State v. Stevens, 2 McCord, 38.

FISK, J. Relator makes application to this court for the issuance of a writ of prohibition to enjoin and prohibit defendants, who are members of a court-martial, from further proceeding with the trial of relator upon certain designated charges and specifications, a copy of which was made a part of the application. Elaborate arguments were presented on behalf of relator, and also against his contention, and numerous reasons were urged both in favor of and against the issuance of such writ, but they all relate to the merits, being based upon the apparent assumption, which we deem erroneous, that this court possesses jurisdiction to issue such writ. A majority of the court are agreed that no such jurisdiction has been conferred by the Constitution, and hence the relator's application must be denied. This is not a case, such as has frequently arisen in this state, where the exercise of original jurisdiction is discretionary, and dependent upon whether the subject-matter is publici juris and affects the "sovereignty of the state, its franchises and prerogatives or the liberties of the people;" but it is one in which we are asked to exercise a jurisdiction not conferred at all by the Constitution. It is a case of a total want of jurisdiction. This is clearly apparent by the language employed in the Constitution with reference to the powers conferred upon the Supreme Court. Section 86 provides: "The Supreme Court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the state and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law." It is entirely clear from the above language that the chief function of

this tribunal is the exercise of appellate jurisdiction only, and incidentally it is given a general superintending control over all inferior courts under such regulations as may be prescribed by law. It is also equally plain that aside from the jurisdiction thus conferred this court has no jurisdiction except such as the next section grants to it. Section 87 is as follows: "It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction. * * *" These sections constitute a grant of power and are restrictive in their terms. Hence this court possesses such jurisdiction and only such as is either expressly or by necessary implication granted to it by said sections. As stated. "The Supreme Court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only." The only place where it is otherwise provided is in section 87, and it is a significant fact that the writ of prohibition is not one of the writs therein enumerated, which this court has power to issue. It therefore inevitably follows that, if this court has jurisdiction to issue such writ, it must be by virtue of its superintending control over inferior courts as its issuance is not "necessary to the proper exercise of its jurisdiction" within the meaning of such clause in section 87. The writ is not asked for the latter purpose, and the court is not exercising or attempting to exercise any jurisdiction, for the proper exercise of which such writ is necessary.

If authorities are required in support of the foregoing views, we call attention to the following cases in addition to our own decisions: People ex rel, v. Circuit Court of Cook County, 169 Ill. 201, 48 N. E. 717; Wheeler v. N. C. Irr. Co., 9 Colo, 249, 11 Pac. 103; People v. Richmond, 16 Colo. 274, 26 Pac. 929. On account of the similarity of the Constitutions of Illinois and Colorado with that of this state relative to the grant of power to the Supreme Court, the foregoing authorities are peculiarly in point. The Illinois court in the foregoing case in an able opinion construed the Constitution of that state, and reached the conclusion that it had no original jurisdiction to issue a writ of prohibition. We quote: "The Constitution is a limitation upon the powers of the Legislature, but it is regarded as a grant of power to the executive and judicial departments of the government. Hence the executive and judiciary can only exercise such powers as are granted by the Constitution. Field v. People, 2 Scam. 79. The constitution only specifies three cases in which this

court can exercise original jurisdiction, and the issuance of writs of prohibition is not one of them. Original jurisdiction being thus conferred upon the Supreme Court in certain specified cases, it cannot exercise original jurisdiction in cases not specified. In all other cases than those named its jurisdiction is appellate only. Campbell v. Campbell, 22 Ill 664. A prohibition is an original remedial writ, as old as the common law itself. Thomas v. Mead, 36 Mo. 232; McConiha v. Guthrie, 21 W. Va. 134; High on Ex. Legal Rem. § 762. It would seem, therefore, to be clear that this court has no original jurisdiction to issue a writ of prohibition. There are cases in many of the states where courts of last resort are held to have original jurisdiction to issue such writs; but it will be found upon examination that in states where such decisions have been made the Constitution of the state in express terms confers either the power to award writs of prohibition, as in Virginia and West Virginia (James v. Stokes, 77 Va. 225; McConiha v. Guthrie, supra), or the power to award "original remedial writs" as in Missouri (Thomas v. Mead, supra), or the power to issue any remedial writs necessary to give the court of last resort general supervision and control over the inferior courts as in North Carolina (Perry v. Shepherd, 78 N. C. 63).

Is the court-martial such an inferior court as this court has superintending control over within the meaning of section 86, supra? We think not. While treated and often referred to by the authorities as an inferior court of peculiar and limited jurisdiction, it is nowhere held, so far as we have been able in our brief research to discover, that such court, when acting within the limits of its special jurisdiction, is not supreme. This is as it should be. Were it otherwise the military power of the state, which is a branch of the executive department, might be seriously embarrassed, if not completely paralyzed, by the interference of the civil courts in the necessary discipline of its organized forces. To attribute to the framers of the Constitution an intent to give to the civil courts a superintending control over the military courts-martial would be to attribute to them an intent to depart from the well-known, and we believe almost universally recognized, rule to the contrary in this country. See Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601, and cases cited, where it was said: "And this court, although the question of issuing a writ of prohibition to a court-martial has not come before it for direct adjudication, has repeatedly recognized

the general rule that the acts of a court-martial within the scope of its jurisdiction and duty cannot be controlled or reviewed in the civil courts by writ of prohibition or otherwise"—citing numerous cases. The Constitution should be construed in the light of well-settled principles recognized in this country prior to its adoption, and also in the light of contemporaneous history, and, when thus construed, no such intent will or can be inferred from the language employed in section 86. Furthermore, it is very apparent that the courts over which this court is given a superintending control are the inferior courts belonging to the judicial department, and which are expressly enumerated in the preceding section of the Constitution. A court martial can in no sense be said to belong to the judicial department of the state, although its functions are judicial in character. As before stated, such court-martial belongs to the executive department, and is organized and its judgments approved by the Governor as Commander in Chief. Of course, if it exceeds its jurisdiction or acts without jurisdiction, its judgments are a nullity, and any person aggrieved thereby may seek proper redress in the civil courts having jurisdiction, and such courts will furnish appropriate relief. Whether in a proper case the writ of prohibition may be employed by a court having power in the exercise of its orinal jurisdiction to issue the same to enjoin and prohibit a court-martial from exceeding its jurisdiction or from acting in a case without jurisdiction we are not here required to decide. Such question is not before us, and we therefore refrain from intimating an opinion thereon further than to say that the authorities appear to leave the matter in doubt. See Smith v. Whitney, supra, and the few early American and English cases therein cited; 16 Encyc. of Pleading and Practice, 1108. See, also, the valuable note in 111 Am. St. Rep. p. 936; Grove v. Mott, 46 N. J. Law, 328, 50 Am. Rep. 424, and cases cited; Johnson v. Sayre, 158 U. S. 109, 15 Sup. Ct. 773, 39 L. Ed. 914; and also 2 Andrews, Amer. Law (2d Ed.) pp. 207, 351-2, citing numerous cases. The author of this valuable treatise, among other things, says: "The writ of prohibition is not a proper writ in such cases for the reason that the courts-martial are not inferior to, and in fact are not within the same department with, the judicial establishment of the state"—citing High on Ex. Leg. Rem. (3d Ed.) 720-732. It is entirely clear, however, for the reasons heretofore stated, that this court has been given no jurisdiction to issue such a writ for the purpose aforesaid, or for any

purpose other than in aid of its appellate or original jurisdiction, or where the same is necessary to effectuate its superintending control over inferior courts.

Entertaining these views, it is unnecessary, as well as improper, to notice the various contentions of counsel upon the merits.

. Writ denied.

Morgan, Carmody and Spalding, JJ., concur.

ELLSWORTH, J. (dissenting in part and concurring specially). I am unable to concur in that part of the opinion of the majority of the court which holds that this court is wholly without jurisdiction in any case to issue the writ of prohibition to a court-martial.

I fully agree that this court is without jurisdiction to issue this writ originally, or at all, except in furtherance of its power of superintending control over inferior courts. Whether or not a court-martial comes within the meaning if the words "inferior courts," as contained in section 86 of the state Constitution, is the test of the power of this court to exercise any control over its proceedings even when it is acting without or in excess of its jurisdiction. It is a question in the determination of which we have little light or assistance from the decisions of other courts. The Supreme Court of the United States in the case of Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601, characterizes the question as one of great importance, but in its deliberate consideration of an appeal from the Supreme Court of the District of Columbia is disinclined either to assert or deny the power of that court to issue the writ of prohibition to a court-martial.

The courts of several states, notably of New York and New Jersey, have at times asserted the power of a certain supervisory control over courts-martial upon the theory that courts-martial fall within the accepted definition of inferior courts; and the proposition that this court in the case of a court-martial acting without or clearly in excess of its jurisdiction has the power under its grant of supervisory control over inferior courts to issue to it the writ of prohibition impresses me with great force. In the case here presented, however, I prefer to rest my concurrence in the result reached by the majority of the court on the ground that, whether or not a power of this court exists to issue the writ in a proper case, no case is here shown for the exercise of it.

The office of the writ applied for in this proceeding is not to review the procedure or correct the mistakes of the inferior court to which it issues, but only to prevent that court from assuming jurisdiction of a matter beyond its legal cognizance. The writ of prohibition never issues unless it appears that an inferior court is about to exceed its jurisdiction. The inquiry of the superior court is then directed wholly to two points only; (1) what are the limits of the jurisdiction of the inferior court; and (2) does it appear upon the face of its procedure that it is acting within these limits? The investigation permissible, even to a court having full jurisdiction to issue the writ, is therefore very narrow; and cannot, in any case, extend to the detail of the pleading, practice, or general procedure of the inferior court. If from such inquiry it appears in this case that the court-martial in question was acting within the limits of its special jurisdicton, I fully concur with the majority of this court in holding that it is supreme and cannot be interferred with by the civil courts, even though when acting without or in excess of its jurisdiction it is amenable to the superintending control of this court. A court-martial is a military tribunal, constituted and convened in the manner provided by law, to try and determine offenses against the military service. In this state a general court-martial can be ordered only by the Governor as Commander in Chief of the militia and National Guard. Its jurisdiction is defined and its precedure regulated by the Articles of War of the United States. Rev. Codes 1905, § 1764. From the application of the relator, Thomas H. Poole, for the writ of prohibition, it appears that he is a member of the National Guard of the state, and that the court-martial in question is convened by order of the Governor of the state as Commander in Chief of the National Guard. It further appears from the application or was admitted by counsel upon the hearing that the officers composing the court-martial are those whom the Governor is authorized by law to detail for that purpose, and that, when convened and sitting as a court, the relator came before it and in person or by counsel participated in its proceedings. It is thus clearly apparent that the court-martial is a lawfully organized tribunal, and that it has jurisdiction over the person of the relator. Whether or not it has jurisdiction over the subject-matter is to be determined by an examination of the charges preferred against relator and upon which the court-martial is proceeding to try him. A copy of the charges are attached to relator's

application, and it appears therefrom that they are two in number, viz: "disobedience of orders in violation of the 21st Article of War," and "conduct unbecoming an officer and a gentleman in violation of the 61st Article of War." Reference to the Articles of War of the United States (Rev. St. § 1342 [U. S. Comp. St. 1901, p. 944]) which are expressly made a part of our own statute (Rev. Codes 1905, § 1764) discloses that by article 21 disobedience to any lawful command of his superior officer and by article 61 conduct unbecoming an officer and a gentleman are specified as offenses against military law and regulation. When properly constituted and convened, a court-martial has jurisdiction to hear and determine the question whether the accused is guilty of any of the offenses specified in the Articles of War. Relator admits that he is charged almost in the language of the Articles of War with two offenses against military regulation. These offenses being thus charged in writing and in due and regular form before the court-martial, it has on the face of its proceedings jurisdiction over the subject-matter, or, in other words, the right to hear, try, and determine the charges preferred against relator. Certain specifications follow each of the two charges setting out the particulars of the offenses; but whether the specifications support the charges or the evidence adduced at the court-martial supports the specification it is not for this court, on such an application, to consider. The court-martial having jurisdiction of the person of relator and of the subject matter may proceed in accordance with his own practices and usages to try and determine these matters without interference from this court. An abundance of the highest authority sustains the foregoing propositions. Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570, 29 L. Ed. 601; Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236; Rose v. Roberts, 99 Fed. 948, 40 C. C. A. 199; United States v. Maney (C. C.) 61 Fed. 140.

While I dissent, therefore, from the holding that this court is without jurisdiction in a proper case to issue to a court martial the writ of prohibition, I believe that, assuming the jurisdiction of this court to exist, there is no case here shown by relator for the exercise of it, and concur in holding that the writ should be denied.