GUILFORD SCHOOL DISTRICT No. 3, of Stutsman County, State of North Dakota, a Political Corporation, Plaintiff, v. DAKOTA TRUST COMPANY, a Corporation, Defendant.

(178 N. W. 727.)

**Surety on bond.**

1. Sections 86 and 87 of the Constitution of North Dakota constitute a grant of power to the supreme court, and, the language thereof being restrictive, this court has such jurisdiction, and only such, as is expressly or by necessary implication therein granted.

**Cases certified — question certified must have been presented to, and ruled on, by court below.**

2. In order to confer jurisdiction upon the supreme court in cases certified under chapter 2, Laws 1919, the question certified must have been presented to and ruled upon by the court below.

Opinion filed May 29, 1920.

Case certified by the District Court of Stutsman County, *Coffey,* J. Proceedings dismissed.

*John W. Carr,* for plaintiff.

*Lawrence & Murphy,* for defendant.

CHRISTIANSON, Ch. J.　On August 4, 1913, the Medina State Bank was designated as a depositary of the plaintiff school district.　The bank furnished a bond in the sum of $5,000, signed by the defendant, Dakota Trust Company, payable to the plaintiff school district, conditioned for the safekeeping and repayment of any and all funds deposited by the plaintiff in said bank, together with the accrued interest thereon.　On January 15, 1914, the said Medina State Bank closed its doors and suspended payment upon all of its obligations; and shortly thereafter a receiver was appointed to wind up its affairs.　The assets were insufficient to pay all claims of the plaintiff for moneys deposited, and it brought this action against the defendant upon the depositary bond.　After the defendant had answered, the parties entered into a stipulation of facts.　The stipulation covers some twelve pages of plaintiff's brief.　The concluding paragraph thereof recites: "The foregoing states the facts in the above-entitled action.　Upon this statement of the facts, three questions are presented to the court for determination:

"(a) Upon this statement of facts, is the defendant, Dakota Trust Company, liable at all for any amount upon its said bond?

"(b) If the defendant, Dakota Trust Company, is liable upon its said bond, for what funds is it liable; that is, is it liable for the demand funds, or for the time deposit funds, or for both?

"(c) If the defendant, Dakota Trust Company, is liable upon either or both of these classes of funds, then for what rate of interest is it liable, and from what date?"

The trial court did not attempt to determine any of the questions, but certified them to this court under chapter 2, Laws 1919, which reads:

"Sec. 1.　Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction, in this state, and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court may, on the application of the attorney or attorneys for plaintiff or defendant in a civil case, and upon the application of the attorney for the plaintiff and defendant in a criminal cause, halt all proceedings until such question or questions shall have

been certified to the supreme court and it or they have been determined.

"Sec. 2. In all actions, both civil and criminal, the matter of certifying questions shall be in the sound discretion of the trial judge, and the supreme court may refuse to consider the same if it or they are frivolous, or are merely interlocutory in their nature, or otherwise not of sufficient importance to determine the issues in the cause at bar.

"Sec. 3. In all causes certified under this act so much of the record as may be necessary to a clear understanding of the pending issues shall be sent to the supreme court, and briefs as provided in other matters shall be made and filed, and oral arguments, if desired, shall be heard in all cases. In criminal causes the record shall be certified at the expense of the state or county in case of indigent defendants."

We are satisfied that we cannot take jurisdiction in this case. Our Constitution provides:

"The supreme court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law." N. D. Const. § 86.

"It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same; provided, however, that no jury trial shall be allowed in said supreme court, but in proper cases questions of fact may be sent by said court to a district court for trial." N. D. Const. § 87.

"The district courts shall have original jurisdiction, except as otherwise provided in this Constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law. They and the judges thereof shall also have jurisdiction and power to issue writs of habeas corpus, quo warranto, certiorari, injunction, and the other original and remedial writs, with authority to hear and determine the same." N. D. Const. § 103.

There can be no difference of opinion as to the intention of these constitutional provisions. They clearly define the proper sphere of the district and supreme courts. As was said by this court in State ex rel.

Poole v. Nuchols, 18 N. D. 233, 236, 20 L.R.A.(N.S.) 413, 119 N. W. 632: "These sections (Const. §§ 86 and 87) constitute a grant of power and are restrictive in their terms. Hence this court possesses such jurisdiction, and only such, as is either expressly or by necessary implication granted to it by said sections." By the plain terms of these sections the supreme court is precluded from exercising original jurisdiction, except in those particular matters wherein the Constitution expressly confers 'such jurisdiction. The legislature can, of course, neither enlarge nor restrict the jurisdiction fixed in the Constitution.

These constitutional provisions were considered by this court in Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300, wherein the constitutionality of the so-called Newman Law was assailed. After quoting §§ 86, 87, and 103 of the Constitution, the court said: "It is apparent from these constitutional provisions that the decision of the question here raised must hinge largely upon the meaning that must be attached to the words 'appellate jurisdiction' and 'original jurisdiction,' as used in that instrument, because it cannot be admitted for a moment, under the wording of our Constitution, that the legislature has power to impose upon us the exercise of any original jurisdiction whatever not specially authorized by the Constitution.

"It may aid us to first accurately determine just what this court is required to do under the statute that has been attacked. The statute says that this court 'shall try the case anew.' This language, it is apparent, was not used with exact accuracy. The case is not tried anew. There is no new evidence or any evidence adduced in this court. The case must be decided upon a record already prepared by a judicial tribunal. This court simply reviews the record, and the practical and necessary result of such review is to correct the errors, if any, either of the law or fact, into which the court below may have fallen. . . . The essential criterion of appellate jurisdiction is that it revises and corrects the proceedings in a cause already instituted, and does not create that cause. *In reference to judicial tribunals, an appellate jurisdiction, therefore, necessarily implies that the subject-matter has been already instituted in and acted upon by some other court, whose judgment or proceedings are to be revised.* This appellate jurisdiction may be exercised in a variety of forms, and indeed in any form which

the legislature may choose to prescribe; but, still, the substance must exist before the form can be applied to it. . . . Appellate jurisdiction cannot create a cause. It must be first created and *adjudicated* by another judicial tribunal. Those facts existing, the appellate court may exercise its jurisdiction in any form the legislature may prescribe."

The precise question under consideration here was considered by the supreme court of Minnesota in State v. Byrud, 23 Minn. 29. In that case a question was certified to the supreme court under a statute authorizing such practice in certain cases. The court held that it could not take jurisdiction of or determine the question so certified, for the reason that it had not been passed upon in the court below. In the decision rendered in that case the court said: "It does not appear that the question raised was in any way passed upon or determined by the court below. It is indispensable that it should be thus passed upon and determined, because the jurisdiction of this court is (except in certain cases not here important to be mentioned) purely appellate. The exercise of appellate jurisdiction, *ex vi termini,* necessarily calls for something to be appealed from,—that is to say, there must be some action on the part of the inferior tribunal which the appellate court is called upon to review. In the absence of such action, the appellate tribunal, therefore, has no jurisdiction.

"In view of the appellate character of our jurisdiction, the statute itself appears to be open to criticism. When a person is tried and convicted, any question arising 'upon the trial' is necessarily passed upon by the court below, and in such case we see no reason why the determination of the question may not properly be reviewed here upon the certificate provided for. But, as respects a question of law arising upon 'demurrer to the indictment, or to a special plea or pleas to an indictment, or upon any motion upon or relating to an indictment,' the statute does not expressly require, as it should have done, that the question raised shall be passed upon by the court below; as, however, the statute does not forbid the court below to pass upon such question before reporting the case to this court, we think the duty to do so is to be implied. This is in accordance with the presumption in favor of the constitutionality of legislation, and with the rule that when a statute

is susceptible of two constructions, that should be adopted which will effectuate the manifest intention of the lawmaker." 23 Minn. 30, 31.

The reasoning, and even the very language employed, in Christianson v. Farmers' Warehouse Asso. and State v. Byrud, is applicable in this case. Here, as already stated, we are asked to consider a lengthy stipulation of facts, and determine what legal conclusions may properly be drawn therefrom. We are not asked to revise or review any ruling made by a trial court upon these matters; but are asked to exercise original judgment and in effect order judgment in the first instance. That this is wholly outside of the constitutional province of this court, we have no doubt. If this court has jurisdiction to determine the questions attempted to be presented for determination in this case, then manifestly it would have jurisdiction to determine, in the first instance, every case submitted by the parties upon an agreed statement of facts. That we have no such jurisdiction, and that it is wholly beyond legislative power to confer it, is, we think, too clear for controversy. We are of the opinion that this court has no jurisdiction of a question which arises in a cause in the district court and certified to this court under chapter 2, Laws 1919, unless it appears that the question has actually been passed upon and determined by the court below. In this connection it is interesting to note that chapter 161, Laws 1903, relating to an action to enforce payment of taxes, provided that a judgment of the district court should be final, "except that upon application of the county, or other party against whom the court shall have decided the point raised by any defense or objection, the court might, if in its opinion the point was of great public importance, or likely to arise frequently, make brief statement of the facts established, bearing on the point, and of its decision, and forthwith transmit the same to the clerk of the supreme court, who shall enter the same as a cause pending in such court." Grand Forks County v. Frederick, 16 N. D. 121, 125 Am. St. Rep. 621, 112 N. W. 839. It will be noted that the only questions which might be certified to the supreme court under chapter 161, Laws 1903, were such as actually had been decided by the trial court.

It is true chapter 2, Laws 1919, does not expressly require that the question certified must be one which has been passed upon in the court below; but it does not say that the trial court shall refrain from deciding a question before certifying it. The statute clearly recognizes

that the trial court shall be something more than a ministerial agent for the purpose of certifying questions when he is requested to do so. It provides that "the matter of certifying questions shall be in the sound discretion of the trial judge." By the plain words of the Constitution the district court is invested with power to determine in the first instance all questions of law and fact arising in causes at law and in equity properly instituted therein. Const. § 103. While as to such causes this court has appellate jurisdiction only. Const. § 86. The presumption is that the legislature was aware of, and intended to enact legislation in harmony with, these provisions. State v. Byrud, 23 Minn. 29; State ex rel. Linde v. Taylor, 33 N. D. 76, L.R.A.1918B, 156, 156 N. W. 561, Ann. Cas. 1918A, 583.

It follows from what has been said that this court cannot take jurisdiction and determine the questions certified in this case.

Proceedings dismissed.

ROBINSON, BIRDZELL, and BRONSON, JJ., concur.

GRACE, J.  I concur in the result.