HELEN CLARK, Plaintiff, v. WILDROSE SPECIAL SCHOOL DISTRICT, a Municipal Corporation, Defendant.

(178 N. W. 730.)

**Appeal and error — certification of question held to present nothing for exercise of supreme court's jurisdiction.**

Where, during the progress of a trial, a question of law arises deemed by counsel and the court to be decisive of the case, and the question is certified

45 N. D.—32.

to the supreme court, under chapter 2 of the Session Laws of 1919, and the jury discharged, it is *held:*

Following Guilford School Dist. v. Dakota Trust Co. 46 N. D. —, 178 N. W. 727, and Stutsman County v. Dakota Trust Co. ante, 451, 178 N. W. 725, the record presents no question concerning which this court can exercise either its appellate or original jurisdiction.

Opinion filed June 14, 1920.

Appeal from District Court of Williams County, *Leighton,* J.
Remanded to district court.
*U. L. Burdick,* for plaintiff.
*Wm. G. Owens,* for defendant.

PER CURIAM. This is an action originating in the justice court of Williams county. The plaintiff sued for breach of contract of employment as a school-teacher and claimed to be entitled to wages as a measure of damages. From a judgment in her favor for $192.40 the defendant appealed to the district court of Williams county. When the matter come on for trial in the district court before the judge and a jury, the facts with reference to the plaintiff's contract and her dismissal were stipulated in open court. The plaintiff was then brought upon the witness stand, whereupon the defendant's attorney objected to the introduction of testimony on the ground that the pleadings and stipulated facts showed that the plaintiff had no cause of action. After concluding the statement of objection, the defendant's attorney requested the court to certify to the supreme court the question of the power of a school board of a special school district to discharge a school-teacher for cause without a hearing for the purpose of determining the existence of sufficient cause. Plaintiff joined in the application, and the trial court thereupon suspended further proceedings in the matter, and ordered that the question be certified to the supreme court. The minutes of the court show that the jury was drawn and the case certified to the supreme court for the interpretation of the statute relating to the power of special school districts to discharge a teacher without cause or hearing, and the clerk's minutes of trial show that the case was certified to the supreme court, further proceedings suspended, and the jurors excused. The record presents no certificate

showing the determination by the trial court of the question of law attempted to be certified. Under the recent decisions of this court in Guilford Schoot Dist. v. Dakota Trust Co. 46 N. D. —, 178 N. W. 727, and Stutsman County v. Dakota Trust Co. ante, 451, 178 N. W. 725, no question is presented concerning which this court can exercise either its appellate or original jurisdiction under the Constitution. The cause is therefore remanded to the District Court for original disposition according to law.

CHRISTIANSON, Ch. J., and BIRDZELL, BRONSON, and ROBINSON, JJ., concur.

GRACE, J., concurs in the result.