B. L. SCHMITZ, Petitioner, v. S. A. OLSNESS, Commissioner of Insurance in and for the State of North Dakota, Respondent.

(231 N. W. 722.)

Opinion filed June 28, 1930.   Rehearing denied July 30, 1930.

*Jacobsen & Murray,* for petitioner.

674

James Morris, Attorney General and Charles Simon, Assistant Attorney General, for respondent.

BIRDZELL, J. Subsequent to the decision of the above entitled matter on appeal, reported in 58 N. D. 604, 226 N. W. 629, a writ of mandamus issued out of the office of the clerk of the district court of Burleigh county directing the issuance of certain warrants in payment of claims for hail insurance. To this writ there was a return, an answer to the return, and, subsequently, a petition by the defendant for modification of the writ. The petition for modification presented two questions of law for decision by the trial court, and these two questions,

being decided by the court and considered determinative of the cause, are certified to this court under §§ 7849b1 to 7849b3, inclusive, 1925 Supplement to the 1913 Compiled Laws. The questions are: (1) Is the defendant, under the hail insurance act, authorized to pay interest at the rate of six per cent per annum on claims wherein a loss was sustained during the farming season of 1926 and which were litigated in the district and the supreme courts, the final determination of the supreme court being that the claims should be paid, no reference to interest being made in the decision? (2) Can the defendant in this action lawfully pay the claimants where a withdrawal was filed during the farming season of 1926, assuming such withdrawal to have been timely and to have been filed prior to the time the loss by hail was sustained? The district court decided that interest was payable from December 1, 1926, and that the defendant should not be required to issue warrants for claims where withdrawal from the protection of the hail insurance fund had been regularly filed.

As we understand the contentions of the plaintiff concerning these questions, they are, substantially, that there is a judgment entered in the court below which was allowed to become final and which decreed that the plaintiff was entitled to a writ of mandamus directing the payment of claims with interest and that consequently neither the question of interest nor of the withdrawal of cropped lands from the protection of the hail insurance fund is any longer open to question; that the defendant, in answering the original petition and upon appeal, neglected to raise any issue concerning either interest or withdrawals and should now be precluded from doing so. The plaintiff also contends that interest was properly allowed in the first instance. Against these contentions the defendant asserts that there is no such final judgment as is claimed by the plaintiff; that the entire proceeding is still pending; that the parties had originally chosen to litigate the claims in so far as they were dependent upon the filing of crop listing affidavits and had neglected to submit proof respecting withdrawals; that there has been no adjudication of any question save that of the time for filing crop listing affidavits; that the remedy sought, being in a measure discretionary, should not be made finally effective by awarding the writ where facts are brought to the attention of the court showing that a miscarriage of justice would result.

We have carefully searched the record and we' are unable to find any final judgment awarding to the plaintiff the writ of mandamus. It is true that prior to the original appeal to this court the district court had entered a judgment in favor of the plaintiff as to two claims, one of the William H. Brown Company and George Schwartz for $322.40 and the other of F. H. Miller for $382.20. This judgment directed the issuance of a writ of mandamus requiring the payment of these claims "with interest thereon at the rate of six per cent per annum from the 30th day of July, 1926." It also directed a dismissal of the petition as to the other claims. The plaintiff appealed from that portion of the judgment which dismissed the petition, and the defendant from that portion which directed the issuance of the writ on the two claims above mentioned. In the presentation of those appeals in this court no question was attempted to be raised by either party concerning either interest or withdrawals. The sole question that was presented and decided was as to the limit of time for filing crop listing affidavits. (See decision on appeal, supra.)

The record does not show the entry of any judgment in favor of the plaintiff under which he would be entitled, as a matter of right, to the issuance of a writ of mandamus in any particular form or requiring the issuance of warrants in any stated or adjudicated amount. The proceeding is still pending in the district court and it can only be terminated without the consent of the defendant by the issuance and execution of a writ of mandamus which will conform to the clear right of the plaintiff in light of the showing made by him and the determination of the law applicable. While the cause was thus pending the trial court entertained, at the instance of the defendant, an application or petition for modification of the writ alleging facts which if supported by proof would show that, though steps had been taken in the first instance to effect insurance, the policies were not in force at the time of the loss by reason of the voluntary withdrawal of the insured. In short, the facts which the defendant desires to bring to the attention of the court would show that the plaintiff has no such clear legal right as to be entitled to a writ embracing the full amount claimed. Since the proceeding is still pending and since there is no judgment adjudicating the right of the plaintiff as against such a claim of the defendant, no reason is apparent why the court may not entertain a motion or application

bearing upon the fundamental rights and obligations of the parties. It must be remembered that though mandamus has taken on much the aspect of an ordinary civil action or remedy, nevertheless the issuance of the writ is an exercise of a measure of discretion. State ex rel. Johnson v. Ely, 23 N. D. 619, 137 N. W. 834; State ex rel. Minehan v. Thompson, 24 N. D. 273, 139 N. W. 960; 2 Spelling, Inj. & Extr. Rem. 2d ed. § 1371; 2 Bailey, Habeas Corpus, §§ 808 to 812. If the allegations of fact in the petition for modification of the writ be substantiated, the writ should not include a direction for the payment of the claims based upon insurance protection which had been voluntarily withdrawn before the loss. We see no reason why the court before granting the writ might not look behind the prima facie case made by the pleadings and proof and inquire further whether the legal right is as clear as it appears to be. This would be a proper exercise of discretion.

Turning now to the questions submitted, (1) Is the plaintiff entitled to interest? We are of the opinion that this question must be answered in the negative. The hail insurance act contemplates the adjustment of all losses prior to the first day of December of each year and requires the commissioner of insurance to furnish to the auditor a certified list of claimants as a basis for the drawing of warrants upon the state treasurer.

The act specifies, § 189b21, 1925 Supplement to the Compiled Laws of 1913, "All such warrants shall be paid from the state hail insurance fund and shall draw interest from the 1st day of December at the rate of six per cent per annum until due and payable. Such warrants shall become due and payable on the call of the state treasurer. It shall be the duty of the state treasurer at least once each month to call such warrants to the amount of the collections remitted to him by the various county treasurers during the preceding month." This statute clearly contemplates that interest shall not be allowed prior to the first day of December and that the warrants shall draw interest only from the first day of December until they become due and payable. A claimant whose lawful claim is not certified has a speedy remedy in mandamus. The plaintiff in the instant case employed such remedy but not until after considerable delay. The claimant is not entitled to occupy a stronger position against the hail insurance fund than he would have occupied

had he promptly resorted to his remedy and secured a hail insurance warrant or warrants drawing interest from the first day of December, 1926. There is nothing in this record to indicate that had such a warrant been issued it would not have been promptly called by the state treasurer. There is no provision of the statute under which a claimant against the hail insurance fund may voluntarily withhold the pursuit of his claim and augment the amount of it by an interest charge. Neither does there appear to be any statutory authority for the officers charged with the duty of levying for the indemnity fund to anticipate interest claims to any greater extent than an amount sufficient to pay interest from the first day of December each year until the call of the warrants by the state treasurer.

This is not a case where the plaintiff is suing the state upon a given demand under a statutory permission where the state might be held to the same measure of liability as an individual. In this proceeding the plaintiff has no right other than as a claimant against the special fund. The rights of the plaintiff and of all other claimants are necessarily limited by the legislative authority conferred to levy and disburse the particular fund. There being no authority to levy for the purpose of meeting interest charges on deferred claims and no authority to disburse the fund for that purpose, the warrants should not include interest charges.

(2) Answering question No. 2, no question touching the withdrawal had been submitted or decided upon the previous appeal and, as above pointed out, the record fails to show any adjudication of this matter which would remove it from the jurisdiction of the trial court so long as the cause was there pending. Before the writ issues it is within the realm of the trial court's discretion to inquire whether the insurance which was originally effected upon the crops remained in force until the loss or whether it had been voluntarily withdrawn by the beneficiaries. Our answer to the second question, therefore, instead of being categorical, is that the district court has jurisdiction to entertain the application of the defendant for a modification of the writ based upon the issue of the withdrawal of lands which was not submitted or decided upon the previous appeal.

Counsel for the petitioner insist that in the instant case the certified questions should not be entertained in this court and answered for the

reason that they, particularly the second one, are not finally determinative within the statute authorizing such procedure. See Clark v. Wildrose Special School Dist. 45 N. D. 497, 178 N. W. 730; Guilford School Dist. v. Dakota Trust Co. 46 N. D. 307, 178 N. W. 727; Harrington v. Eggen, 50 N. D. 569, 197 N. W. 136; Malherek v. Fargo, 48 N. D. 1109, 189 N. W. 245; Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725; Union Ins. Agency v. Insurance Co. of N. A. 50 N. D. 606, 197 N. W. 225.

There is merit in this contention as applied to the second question; but, in view of the fact that the uncertainty arising in the mind of the trial court may be due largely to difficulty in understanding the scope of the prior decision of this court, we think we may with propriety clear up the underlying jurisdictional doubt.

The cause is remanded for further proceeding.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.