FRANK E. BARTHOLOMEW, Respondent, v. PAULINE BARTHOLOMEW, Appellant.

(235 N. W. 147.)

442

Opinion filed February 18, 1931.

*Sproul & Dwight,* for appellant.

*A. P. Paulson,* for respondent .on the first argument and on brief. Appearance withdrawn after second remand.

PER CURIAM. This is an action for divorce upon the ground of desertion. The trial court rendered judgment in favor of the plaintiff. The defendant appealed and demanded a trial anew in this court. Under the laws of this state "a divorce must not be granted unless the plaintiff has in good faith been a resident of the state for twelve months next preceding the commencement of the action." Comp. Laws 1913, § 4398. One of the principal questions in controversy on appeal is whether the plaintiff had "in good faith been a resident of this state for twelve months next preceding the commencement of the action." The evidence upon this question was not wholly satisfactory, and this court twice remanded the case to the district court (§ 7846, Supplement to the Compiled Laws of 1913; chapter 8, Laws 1919) with 'directions to the trial court to take additional evidence and make further findings upon such question and certify the additional evidence and findings to this court. The statute under which the cause was remanded to the district court provides: "On appeal in the supreme court in an action tried by the court, but without a jury, if it appear to the court that any material evidence was excluded, the court may issue a mandate to the trial court to take such evidence without delay and to certify and return it to the Supreme Court, and all proceedings in the supreme court shall be stayed pending the return of such evidence." Section 7846, supra. This statute does not contemplate that a district court shall merely take the additional evidence; it contemplates that the district court, after taking such additional evi-

dence, shall make findings thereon. For the supreme court in the exercise of its appellate jurisdiction may not sit as a trial court or receive in the first instance evidence which was not received and considered by the trial court. Guilford School Dist. v. Dakota Trust Co. 46 N. D. 307, 178 N. W. 727.

Section 7846, supra (Laws 1919, chap. 8), was enacted for the purpose of enabling the supreme court to make final disposition of a case, where, under the former practice, it was necessary to reverse the judgment and remand the cause for a new trial. In short, this section authorizes the supreme court to retain jurisdiction of a cause and yet require proceedings to be had and additional evidence taken and findings made thereon in the trial court, while the appeal is so pending, to the end that the litigation may, if possible, be finally determined. The ultimate judgment of the appellate court is, of course, to be based upon the final record, including the findings made by the trial court upon the additional evidence taken upon remand. That is, the judgment of the supreme court upon appeal must be predicated upon the record as it exists after the trial court has taken the additional evidence and certified the same together with its findings based upon such additional evidence to the supreme court.

Upon the second remand of this case the trial court made additional findings of fact to the effect that the plaintiff had not been a resident of the state of North Dakota in good faith for a year next preceding the commencement of the action; that he had not been a good faith resident of the state of North Dakota at all but had merely sought to establish and claim a residence therein for the sole purpose of maintaining this action for divorce.

In our opinion these findings are clearly in accord with the weight of all of the evidence. It follows therefore that the judgment appealed from must be and the same hereby is reversed and the district court is directed to enter judgment dismissing plaintiff's action on the merits thereof.

CHRISTIANSON, Ch. J., NUESSLE, BURR, BIRDZELL, and BURKE, JJ., concur.