SCRANTON GRAIN COMPANY, a Corporation, Plaintiff,

v.

LUBBOCK MACHINE & SUPPLY COMPANY, a Corporation, Lubbock Manufacturing Company, a Corporation, Fargo Foundry Steel and Manufacturing Co., a Corporation, Roper Industries, Inc., a Corporation, and Scranton Equity Exchange, a Corporation, Defendants.

LUBBOCK MACHINE & SUPPLY COMPANY, a Corporation, Defendant and Third-Party Plaintiff,

v.

L. P. GAS TRANSPORT CO., Carl J. Austad & Son, a Corporation, and Scranton Equity Exchange, a Cooperative Association, Third-Party Defendants.

Civ. No. 8618.

Supreme Court of North Dakota.

March 25, 1970.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, and Heineke, Conklin & Schrader, Chicago, Ill., for plaintiff Scranton Grain Co.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendant and third-party plaintiff Lubbock Machine & Supply Company and defendant Lubbock Manufacturing Co.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for defendant Fargo Foundry Steel and Manufacturing Co.

Frederick E. Saefke, Jr., Bismarck, for defendant and third-party defendant Scranton Equity Exchange.

Pearce, Engebretson, Anderson & Schmidt, Bismarck, for third-party defendants L. P. Gas Transport Co. and Carl J. Austad & Son.

STRUTZ, Judge.

This is a proceeding under Chapter 32–24 of the North Dakota Century Code, providing for the certification of questions to the Supreme Court. Section 32–24–01 of this chapter provides that where a cause is at issue in any district court or county court with increased jurisdiction, and the issue will depend principally or wholly upon the construction of the law applicable thereto, and such construction is in doubt and is vital or of great moment in the action, the judge, upon application of the at-

torney of either party in a civil suit, or upon application of the attorneys for both parties in a criminal action, may halt proceedings until such question has been certified to the Supreme Court and by it determined.

Lubbock Machine & Supply Company and Lubbock Manufacturing Company, named as defendants in this action, are foreign corporations. They objected to the jurisdiction of the trial court, contending that the service attempted to be made upon them was not valid and that it did not confer jurisdiction upon the court. Their motion was denied by the trial court, and the defendants Lubbock thereafter answered. Dismissal by the trial court of the complaint against two other defendants, Roper Industries, Inc., and Roper Hydraulics, Inc., was affirmed in the Supreme Court. See Scranton Grain Co. v. Lubbock Machine & Supply Co., 167 N.W.2d 748 (N. D.1969). The defendants Lubbock thereupon moved the court to reconsider its order denying their motion to dismiss the plaintiff's complaint on the ground that service upon the defendants Lubbock failed to confer jurisdiction upon the court. Following hearing on such motion, the trial court made an order certifying three questions to this court, after answering the questions so certified.

The order certifying questions to this court, with the trial court's ruling on each question, is as follows:

"Defendants, Lubbock Machine & Supply Company and Lubbock Manufacturing Company, Inc., hereinafter called 'Lubbock', having moved for reconsideration by the Court of its orders dismissing Lubbock's Motion for Dismissal, or in the alternative certifying the question of whether valid service of process was made on Lubbock, coming on for hearing before Honorable W. C. Lynch, pursuant to Notice September 29, 1969, and the parties appearing by counsel, the Court having considered the Briefs and arguments of counsel and being advised in the premises, and upon application of counsel for the Defendant, Lubbock, the Court certifies the following questions determined by it to be doubtful, vital, of great moment and determinative of the issues with respect to the Defendant, Lubbock, to the Supreme Court for review and determination:

"1. Does the Court have power and jurisdiction to reconsider its orders denying motions to dismiss the actions in the above entitled action?

Yes___X_____ No_____

"2. Whether the fact that Lubbock answered in the actions after denial of its motion to dismiss for lack of jurisdiction is a waiver of its objection to jurisdiction?

Yes_____ No___X_____

"3. Did the Plaintiffs obtain jurisdiction of Lubbock by valid service of process in the above entitled actions?

Yes ___X_____ No_____ * * *"

█ There are certain well-established rules which determine whether this court will answer questions certified to it. Before this court will consider such questions, they must have been presented to and ruled upon by the trial court. Sec. 32–24–04, N. D.C.C. Moreover, this court will determine such certified questions only when the issue in a civil or criminal cause will depend principally or wholly upon the construction of the law applicable thereto, and such construction or interpretation is in doubt and is vital or of great moment in the cause, and not otherwise. Sec. 32–24–01, N.D.C.C.; State v. Elkin, 68 N.D. 93, 277 N.W. 89 (1938).

In another action in which questions were certified to this court, Meckle v. Hoffman, 78 N.W.2d 166 (N.D.1956), this court said:

"Before certified questions may be considered by the supreme court, they

must be such that the determination of the cause in which they arise will depend wholly or principally upon construction of law applicable to such questions."

Let us look at the questions which have been certified to us to see if their determination will dispose of the issues in this case. If we should answer these questions as the trial court answered them and find that service of process upon the defendants was good and that the court has jurisdiction, it thereupon would become necessary to have the issues of liability of the defendants and the amount of damages determined. It thus is apparent that answering the questions certified to this court will not finally determine the action, even though such answers might prove to be convenient to the court and to the parties.

In order to come within the provisions of the Act conferring authority for certification of questions to the Supreme Court, it is not enough to show that the outcome of the suit might be determined by the construction of the law as indicated by the answers to such questions. It must appear that the result of such litigation will depend, wholly or at least principally, upon the answers to those questions, regardless of whether they are answered in the affirmative or in the negative. School Bd. of Eagle Pub. Sch. Dist. No. 16 v. State Board, 126 N.W.2d 799 (N.D.1964).

■ Since the determination of the legal questions certified to this court will not necessarily dispose, wholly or principally, of the issues in this case, we must decline to answer such questions. Our answering them, in effect, would be giving an advisory opinion.

The case is remanded to the district court for further proceedings conformable to law.

TEIGEN, C. J., and PAULSON, ERICKSTAD and KNUDSON, JJ., concur.