Donald MERCHANT et al., Plaintiffs and Appellees,

v.

RICHLAND COUNTY WATER MANAGEMENT DISTRICT, BOARD OF COMMISSIONERS, Defendant and Appellant,

v.

Ardy WOODBURY et al., Intervenors and Appellants.

Civ. No. 9495.

Supreme Court of North Dakota.

Sept. 29, 1978.

Robert A. Ramlo & Associates, Fargo, for plaintiffs and appellees; argued by Daniel R. Kohn, Fargo.

Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for defendant and appellant; argued by Daniel L. Wentz, West Fargo.

Johnson, Milloy, Johnson, Stokes & Robinson, Ltd., Wahpeton, for intervenors and appellants.

PEDERSON, Justice.

The Richland County Water Management District Board of Commissioners determined (pursuant to authorization of Chapter 61–16, NDCC) that it should contract for the clearing of obstructions from the channels of Antelope Creek and Wild Rice River in Richland County (§ 61–16–11(5), (6), (7), NDCC). Merchant, et al., claiming to be aggrieved by the determination, appealed to the district court (§ 61–16–36, NDCC), alleging that the commissioners had failed to consider increased flooding, economic detriment, and injury to property, environment, and wildlife habitat which would result from their decision. It was further alleged that no scientific or engineering studies had been made. Woodbury, et al, claiming injury by the obstructions in the channels, were permitted to intervene (Rule 24, NDRCivP).

Discovery proceedings were conducted (Rules 26–37, NDRCivP) and, subsequently, Merchant, et al, moved for a summary judgment directing a remand to the commissioners for the purpose of making scientific and engineering studies to determine the impact of the project (Rule 56, NDRCivP). There has been no disposition of that motion and we presume that it has been abandoned.

After the court had ruled that appeals under § 61–16–39, NDCC, are heard de novo, the commissioners requested certification of the following question to the supreme court (Chapter 32–24, NDCC, and Rule 47.1, NDRAppP):

"IS AN APPEAL FROM AN ADMINISTRATIVE AGENCY HEARD BY THE DISTRICT COURT DE NOVO PURSUANT TO SECTION 61–16–39 OF THE NORTH DAKOTA CENTURY CODE UNCONSTITUTIONAL IN THAT IT USURPS LEGISLATIVE AUTHORITY GRANTED TO THAT GOVERNMENTAL AGENCY, AND IMPROPERLY DELEGATES SAID AUTHORITY TO THE JUDICIARY?"

In granting the request, over the objection of Merchant, et al, the trial court, in certifying the question, made the following "findings":

"1. That the question of law raised by the Defendant presented a question that could be but doubtfully resolved by this Court.

"2. That a resolution of the question requested to be certified to the Supreme Court would, as a result thereof, be vital and principally determinative of the issues in the case.

"3. That a resolution of the question requested to be certified to the Supreme Court by the Supreme Court would be in the best interest of justice."

The trial court did not answer the question which is certified.

The powers and duties of the board of commissioners are described in § 61–16–11, NDCC, and those most pertinent here are in subsections 5, 6 and 7:

"5. To plan, locate, relocate, construct, reconstruct, modify, maintain, repair, and control all  .  .  . water channels  .  .  .

"6. To maintain and control  .  .  . the flow of water in the bodies of

water and streams involved in water conservation and flood control projects within its district, and regulate streams, channels or watercourses and the flow of water therein by changing, widening, deepening, straightening the same or otherwise improving the use and capacity thereof;

"7. To regulate and control flood waters for the prevention of floods, by deepening, widening, straightening or dyking the channels of any stream or watercourse within its district, . . ."

Any person aggrieved by any order or decision of the board of commissioners may appeal to the district court (§ 61–16–36, NDCC). The notice of appeal must be served upon one of the members and upon the secretary of the board (§ 61–16–37, NDCC). An appeal taken from a "decision" of the board of commissioners must be taken within 30 days after the decision has been "entered" by the secretary (§ 61–16–38, NDCC). Section 61–16–39, NDCC, describes the scope of review to be made by the trial court in the following language:

"The appeal provided for in this chapter shall be filed on or before the next term of the district court after such appeal is taken and the case shall stand for trial at such term. All appeals thus taken shall be docketed as other causes pending in the district court and the same *shall be heard and determined de novo.* The district court may enter a final judgment, or in a proper case may send the same back with directions how to proceed." [Emphasis added.]

This has been the controlling language on appeals from water management decisions, at least since § 2, Ch. 228, S.L.1935. The same or similar language has been repeatedly used by our legislature in describing the scope of the review to be made by a trial court where there is an appeal of an executive or administrative determination. Appeals from certain decisions of the secretary of state under the Business Corporation Act and the Nonprofit Corporation Act "shall be tried de novo by the court" (§§ 10–23–12 and 10–28–08, NDCC). Appeals from "decisions" of the board of county commissioners (§ 11–11–39, NDCC) "shall be heard and determined de novo" (§ 11–11–43, NDCC). Under certain circumstances a decision by the public service commission may be appealed to the district court "for a review and trial de novo of the determination" (§ 40–34–12, NDCC). On appeals from decisions of the board of hairdressers and cosmetologists relating to the establishment of minimum prices, "the court shall hear the appeal de novo on the merits" (§ 43–11–36(8), NDCC). When the board of massage has revoked or suspended the certificate of a masseur or masseuse, "the proceedings of said board [may be] reviewed by certiorari to the district court" and the "accused" shall have the "right to demand a trial de novo" (§ 43–25–12, NDCC). Appeals from revocation of a watchmaker's certificate by the board of examiners in watchmaking "shall be tried by the court de novo" (§ 43–27–09(2), NDCC). A veterinarian who has had his license revoked by the state board of veterinary medical examiners may appeal to the district court and have a "hearing de novo of the charges on which his license was revoked" (§ 43–29–15, NDCC—see, also, § 43–29–16, NDCC). Appeals from decisions of the administrator of abandoned and unclaimed property are "tried de novo" (§ 47–30–20, NDCC). If the board of directors of the Garrison Diversion Conservancy District denies a petition for exclusion, the county may appeal to the district court and "thereupon the court shall have and exercise original jurisdiction and shall hear and determine the cause de novo without a jury" (§ 61–24–17, NDCC).

The legislature has also used the words "de novo" in connection with appeals to the supreme court. Under the driver's license law, a suspension may be appealed to the district court where "the court shall determine whether there were reasonable grounds under the statutes for the determination of the commissioner," and then, on further appeal to the supreme court, the court "shall hear and determine the matter

de novo upon the record of the proceedings had in the district court" (§ 39–06–39, NDCC). In several statutes the words "trial anew" are used instead of "trial de novo." Appeals to the district court from decrees or orders of a county court "must be tried and determined anew"—however, the title of the section provides: "Questions of fact tried de novo" (§ 30–26–23, NDCC). Under the Act which made traffic offenses non-criminal, appeals from a finding by a "designated official" that the act had been committed are "to the district court for trial anew" and to a jury if requested (§ 39–06.1–03(3)(a), NDCC). Appeals in civil actions from county justice court "shall be tried anew in the district court in the same manner as actions originally commenced therein" (§ 33–11–16, NDCC).

It is thus evident that § 61–16–39, NDCC, is not a unique aberration. Any decision that trials de novo on appeals from administrative decisions are unconstitutional and violative of the separation of powers would have wide repercussions and should not be treated lightly by the courts. See *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977); *Harlow v. Carleson*, 16 Cal.3d 731, 129 Cal.Rptr. 298, 548 P.2d 698 (1976), and particularly legal writings identified in the dissent at 548 P.2d 703, 704.

We first must determine whether the issue is appropriately before us. It is not sufficient that an interesting and significant question has been asked. The statute providing for the certification of questions of law to the supreme court was initially enacted as Chapter 2 of the Session Laws of 1919 (now Chapter 32–24, NDCC). It is possible to assume that § 10 of Chapter 161, S.L.1903, was really the original certification statute. See *Grand Forks County v. Fredericks*, 16 N.D. 118, 112 N.W. 839 (1907). In 1920 this court issued three significant interpretations of the statute which are as applicable today as when pronounced.

*Stutsman County v. Dakota Trust Co.*, 45 N.D. 451, 178 N.W. 725 (1920); *Guilford School Dist. No. 3 v. Dakota Trust Co.*, 46 N.D. 307, 178 N.W. 727 (1920); and *Clark v. Wildrose Special School Dist.*, 45 N.D. 497,

178 N.W. 730 (1920), all resulted in conclusions that this court could not take jurisdiction and determine the question certified.

In *Guilford, supra,* this court analyzed the certification statute and applied the applicable provisions of the Constitution of North Dakota (§§ 86 and 87, describing supreme court jurisdiction, and § 103, describing district court jurisdiction). The court concluded that appellate jurisdiction, not original jurisdiction, must be exercised by the supreme court under the provisions of the certification statute. (The supreme court's appellate and original jurisdiction are now described in § 86 of the Constitution of North Dakota and the district court's jurisdiction is described in § 92. Neither court's jurisdiction has been materially changed insofar as this issue is concerned.)

The trial court in *Guilford, supra,* did not attempt to determine the answer to any of the questions certified. This court concluded that:

"We are of the opinion that this court has no jurisdiction of a question which arises in a cause in the district court and certified to this court under chapter 2, Laws 1919, unless it appears that the question has actually been passed upon and determined by the court below." 178 N.W. at 729.

See, also, *State v. Elkin*, 68 N.D. 93, 277 N.W. 89 (1938). We conclude that this court is without original jurisdiction to answer questions propounded in the district court but not there answered. Many times we have said that we favor reaching the merits of controversies before us, e. g., *LeFevre Sales, Inc. v. Bill Rippley Const.*, 238 N.W.2d 673 (N.D.1976). We have never said that we can do that in a case where we do not have jurisdiction. In addition, we have here an apparent deficiency under § 32–24–02, NDCC, in that the constitutional issue may very well be merely interlocutory. As we said in refusing to answer certified questions in *School Bd. of Eagle Pub. Sch. Dist. No. 16 v. State Board*, 126 N.W.2d 799, 802 (N.D.1964), "if our answers . . . should be in the affirmative, all

of the issues in the case will remain to be tried, and the outcome of the suit will depend upon the evidence submitted in the case." See, also, *Scranton Grain Co. v. Lubbock Machine & Supply Co.,* 175 N.W.2d 656, 658 (N.D.1970), where we said:

"Since the determination of the legal questions certified to this court will not necessarily dispose, wholly or principally, of the issues in this case, we must decline to answer such questions."

Accordingly, we must dismiss the certified question proceedings in this court and remand the case to the trial court so that the issues can be fully tried, briefed and argued, including the important constitutional question. As we stated in *So. Valley Grain Dealers v. Bd. of Cty. Com'rs,* 257 N.W.2d 425, 434 (N.D.1977):

"One who attacks a statute on constitutional grounds, defended as that statute is by a strong presumption of constitutionality, should bring up his heavy artillery or forego the attack entirely."

The certified question proceedings are dismissed without costs to any party, and the case is remanded to the trial court for further proceedings according to law.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.