[Civ. No. 29557. First Dist., Div. Three. Nov. 14, 1972.]

RUTH TAYLOR, Plaintiff and Appellant, v.
ROBERT MARTIN, as Director, etc., Defendant and Respondent.

**COUNSEL**

Clifford Sweet, Thomas Schneider, Robert Goldstein, Henry Hewitt and Russell W. Galloway for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Asher Rubin, Deputy Attorney General, for Defendant and Respondent.

## Opinion

**DRAPER, P. J.—** We cannot accept appellant's contention that the trial court was required to reweigh the evidence. In an administrative mandamus proceeding to review denial of welfare benefits, (this is such a proceeding), the trial court applies the substantial evidence rule, i.e., looks to the evidence before the administrative tribunal only to ascertain whether it includes evidence of substance to support the administrative finding (*Bertch* v. *Social Welfare Dept.*, 45 Cal.2d 524, 529 [289 P.2d 485]; *County of Contra Costa* v. *Social Welfare Board*, 199 Cal.App.2d 468, 472-473 [18 Cal.Rptr. 573]. The code (Welf. & Inst. Code, § 10962) provides that review be "upon questions of law." The rule is not altered by the recent decision (*Bixby* v. *Pierno*, 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242]). Rather, that decision states that a right which is not possessed by and vested in an individual, but is "merely sought by him," does not warrant reweighing of the evidence, but calls for application of the substantial evidence rule. Although appellant at one time had received general aid, the case before us does not concern termination of payments, but denial of a new application for aid to one totally disabled.

 Thus we review the record before the hearing officer and the director only to determine whether there is substantial evidence to support the finding adverse to appellant. One doctor found appellant to be able to work, if heavy lifting were not required. There is medical opinion that she is totally disabled, although there is general agreement that there is no objective sign of spread of the cancer which led to her mastectomy. Since we are not the trier of the fact, we do not reweigh the medical evidence adverse to petitioner. Appellant's attack upon that evidence goes to its credibility, and thus only to its weight. There is evidence of substance to support the conclusion of the administrative agency.

 There is no merit in appellant's contention that the director and hearing officer refused to consider pain as a disabling factor. The reports of the several doctors repeatedly refer to appellant's pain. There is no indication that it was not considered by referee and director. Detailed and specific findings are not required of an administrative agency except when specifically required by statute (*Emby Foods, Inc.* v. *Paul*, 230 Cal.App.2d 687, 702 [41 Cal.Rptr. 365]). The statute before us requires only that the decision state the reasons for the decision. This was amply done.

 Appellant argues that the report of Dr. Stryble, adverse to her, was inadmissible in the administrative proceeding because it failed to comply with the department regulations (Dept. of Social Welfare, Public Social

Services Manual, § 42-211.1). But that report summarizes the medical history and the response to treatment. Although somewhat terse, it does not appear on its face to fall short of the requirement that it be comprehensive.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 11, 1973.