[Civ. No. 42933. Second Dist., Div. Two. Aug. 30, 1974.]

EARL C. CRAVER, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Marks, Sherman, Schwartz & Barab and Burton Marks for Plaintiff and Appellant.

Burt Pines, City Attorney, Siegfried O. Hillmer, Assistant City Attorney, and Michael P. Calof, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**BEACH, J.**—Earl Craver appeals from the denial of his petition for a writ of mandate. Appellant injured his back in 1959 while working as a police officer. He thrice applied to the board of pension commissioners for a disability pension, claiming that his back injury made it impossible for him to perform the regular duties of a police officer. Said applications were

denied in 1961, 1967 and 1969. On May 14, 1971, appellant filed a petition for writ of mandate in the Los Angeles Superior Court; on December 2, 1971, he filed a notice of application for peremptory writ of mandate. On February 8, 1972, judgment was entered; the peremptory writ was denied. This appeal follows:

## FACTS

On November 24, 1959, appellant injured his back while lifting a small car during the course of his duties as a police officer. He suffered pain from the injury and in May 1960 had a laminectomy. His back allegedly continued to bother him, he was frequently off duty, and he was assigned to a sedentary job as a complaint board operator within the police department. Obtaining a permit from the department, he did some outside work at the Los Angeles Times and, without a permit, did some television work as a stuntman.[1] He maintains that he has great difficulty performing even the sedentary job to which he was assigned, cannot possibly perform the usual duties of an officer, and therefore should have been given a disability pension.

There are doctors' reports in the record for each of his three applications to the board of pension commissioners. Almost all of them recognize that appellant's injuries precluded his working in the field as an officer. They were split as to his ability to perform sedentary work for the police department.

The trial court herein, while observing "there is strong evidence to the contrary," stated that substantial evidence supported the decision of the board. The court felt "[t]his is not a proper case for an independent review." Furthermore, the court apparently believed that "inability to perform every task reasonably incident to the ordinary outside duties of a policeman" is not the basis for disability "when there are less demanding positions available, as in this case." There were no findings of fact or conclusions of law.

## CONTENTIONS ON APPEAL

Appellant contends that: 1. The trial court should have weighed the evidence rather than apply the substantial evidence test;

2. Appellant cannot perform the usual duties of a police officer and therefore should have won even under the substantial evidence test;

3. The reports of the special investigator were false and should have been disregarded as being of no legal consequence; and

---

[1]He contends his television job involved light props and no heavy weights.

4. The acceptance of outside employment is not a legitimate basis for the denial of vested pension rights.

## DISCUSSION

 *The trial court should have weighed the evidence rather than apply the substantial evidence test.*

Respondent concedes that "appellant with his disability pension applications to the Board did assert a right of the kind described and that upon denial thereof, the review of such denial by the Superior Court would *now,* after *Bixby* [v. *Pierno,* 4 Cal.3d 130 (93 Cal.Rptr. 234, 481 P.2d 242)] and *Strumsky* [v. *San Diego County Employees Retirement System,* 11 Cal.3d 28 (112 Cal.Rptr. 805, 520 P.2d 29)] . . . invoke the application of the independent judgment test."[2]

In remanding this case to the trial court so that it can exercise its independent judgment, we feel obliged to discuss the standard to be applied in determining whether appellant is entitled to a pension. He contends that the standard should be whether a person can perform the usual duties of a police officer. Respondent maintains that only when an officer becomes physically or mentally incapacitated to the extent that he is unable to perform the duties to which he is, last was or would be assigned by his department will he be entitled to the benefit of a disability pension. Appellant relies primarily on *Mansperger* v. *Public Employees' Retirement System,* 6 Cal.App.3d 873 [86 Cal.Rptr. 450] [2nd Dist.], and respondent relies on *Barber* v. *Retirement Board,* 18 Cal.App.3d 273 [95 Cal.Rptr. 657].

 Section 182 of the Charter of the City of Los Angeles provides: "Whenever any member of the Fire or Police Department shall become so physically or mentally disabled by reason of bodily injuries received in, or by reason of sickness caused by the discharge of the duties of such person in such department as to render necessary his retirement from active service, the board shall order and direct that such member be retired from further service in such department . . ." Our question thus becomes whether appellant was "so physically . . . disabled . . . as to render necessary his retirement from active service. . . ."

We agree with the court in *Barber* v. *Retirement Board, supra,* 18 Cal. App.3d at page 278, that where there are permanent light duty assignments

---

[2]Respondent asks this court under Code of Civil Procedure section 909 to review the record and make its own findings. We decline the suggestion and remand the matter to the superior court as the more appropriate forum to make the independent review in the present matter.

and a person who becomes "incapacitated for the performance of his duty . . . shall be retired," that person should not be retired if he can perform duties in a given permanent assignment within the department. He need not be able to perform any and all duties performed by firemen or, in the instant case, policemen. Public policy supports employment and utilization of the handicapped. (*Barber* v. *Retirement Board, supra.*) If a person can be employed in such an assignment, he should not be retired with payment of a disability retirement pension.

■. The language of section 182 indicates that the determination of disability and necessity of retirement is on a departmental basis rather than on that of a single job or particular duty. The section refers to duties "in such department" and to "further service in such department." This text favors our interpretation.

Our decision resulting in remanding to the superior court and requiring review there makes it unnecessary to consider the appellant's other contentions.

The judgment is reversed and the case is remanded to the trial court for further disposition in accordance with this opinion.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied September 24, 1974, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1974.