[S.F. No. 23329. In Bank. Apr. 26, 1976.]

MARY LE BLANC, Plaintiff and Respondent, v.
DAVID B. SWOAP, as Director, etc., Defendant and Appellant.

COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Harold G. Friedman and Sheridan H. Brown, Deputy Attorneys General, for Defendant and Appellant.

Clifford C. Sweet and Thomas Schneider for Plaintiff and Respondent.

OPINION

RICHARDSON, J.—This case, a companion to *Harlow* v. *Carleson, ante,* page 731 [129 Cal.Rptr. 298, 548 P.2d 698], raises the issue of the proper standard of judicial review of an administrative decision terminating welfare assistance.

Respondent Mary Le Blanc applied for benefits under the aid to needy disabled program and, in 1969, her application was approved. Medical experts diagnosed her as suffering from numerous physical or psychiatric disorders, including involuntary depressive reaction, hypertension, bronchitis, ulcer, and rhinitis. She was found unable to function either as a job holder or as a homemaker. In 1971, the state medical review team, reviewing statements of two physicians who had examined Le Blanc, determined that she was capable of employment and her benefits were terminated by appellant Director of the state Department of Social Welfare. Le Blanc then filed a petition for a writ of mandate, asking for reversal of appellant's decision. This writ was granted by the Superior Court of Alameda County, which held that "the decision . . . is not supported by substantial evidence . . . thus establishing said disability as a matter of law, . . ."

Our holding in *Harlow* that the proper standard of review in administrative mandamus proceedings reviewing decisions terminating welfare assistance is the independent judgment test, leads to a similar disposition in this case. In both cases, the reviewing trial court reached the proper result applying the wrong test. In both cases, it is clear that had the proper test been applied, the same judgment would have been entered.

This case also raises an additional issue involving respondent's right to attorney's fees on appeal. Welfare and Institutions Code section 10962 provides that attorney's fees be granted to an applicant or recipient of welfare assistance if he takes an appeal from an administrative decision and obtains a decision in his favor. Under this section, respondent is entitled to attorney's fees in respect to those appellate proceedings undertaken to secure her right to welfare benefits. With regard to the proceedings filed in this court, however, respondent prevailed in the Court of Appeal; the petition for hearing was filed herein solely to adjudicate the abstract legal question regarding the applicable scope of review. Section 10962 does not appear to contemplate an award of attorney's fees in a case where review is sought of a ruling in favor of the recipient in order to obtain a more favorable legal precedent. Its purpose in providing a means to welfare applicants and recipients by which they may enforce their rights would not be served by an award of attorney's fees to a recipient whose rights were already secure. The most appropriate forum for the determination of an award of attorney's fees is the trial court. (*Horn* v. *Swoap* (1974) 41 Cal.App.3d 375, 384 [116 Cal.Rptr. 113]; *Clejan* v. *Reisman* (1970) 5 Cal.App.3d 224. 241-242 [84 Cal.Rptr. 897].)

The judgment is affirmed and the case remanded to the trial court to hear an application for attorney's fees and fix the reasonable sum thereof, if any, for services performed in connection with this case prior to the preparation and filing of the petition for hearing in this court.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**CLARK, J.**—I dissent for the reasons set forth in my dissenting opinion in *Harlow* v. *Carleson, ante,* pages 731, 739 [129 Cal.Rptr. 298, 548 P.2d 698].