[S.F. No. 23328. In Bank. Apr. 26, 1976.]

HARLOW HARLOW, Plaintiff and Respondent, v.
ROBERT B. CARLESON, as Director, etc., Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Sheridan H. Brown and Eleanor Nisperos, Deputy Attorneys General, for Defendant and Appellant.

Armando M. Menocal III and Christopher N. May for Plaintiff and Respondent.

**OPINION**

**RICHARDSON, J.**—This case and its companion, *Le Blanc* v. *Swoap, post,* page 744 [129 Cal.Rptr. 304, 548 P.2d 704], raise the issue of the proper

standard of judicial review to be used in an administrative mandamus action brought to annul a decision terminating welfare assistance. ■ We conclude that within the reasoning of *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], and *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242], the right to continued welfare benefits, for purposes of judicial review of welfare decisions, is both "fundamental" and "vested," thereby invoking the independent judgment standard of review.

Harlow Harlow (respondent) began receiving welfare benefits under the aid to the permanently and totally disabled program (A.T.D.) in January 1970 after having been diagnosed by a state medical review board as suffering from "schizophrenic reaction, hebephrenic type." Respondent has forgotten or ignored her true name and personal history before age 17. She has continuously received assistance under the A.T.D. program since January 1970, except for a six-month period from April 1972 through September 1972. Benefits were withheld from her during that period on the basis of a decision issued by appellant Department of Social Welfare (Department) on January 17, 1972, holding that respondent's impairments were no longer sufficient to qualify her for A.T.D. benefits. Subsequently, respondent reapplied for A.T.D. aid, and her benefits were restored.

Respondent filed an administrative mandamus action in the San Francisco Superior Court, challenging the January 17 decision to terminate her A.T.D. benefits. The court, rejecting the independent judgment standard of review, applied the substantial evidence test, and found that the challenged administrative decision was not supported by any substantial evidence. The Department appeals, contending that substantial evidence did exist to support its determination. Respondent asserts in reply that even if substantial evidence did exist, the proper standard of judicial review was the independent judgment standard, and that under this standard, the trial court clearly would have reversed the Department's decision. We agree with respondent.

Code of Civil Procedure section 1094.5, authorizing judicial review of administrative orders or decisions, establishes two different standards of review. Subdivision (c) of the section provides that ". . . in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence; and in

all other cases abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

Under the substantial evidence test, the findings of the administrative agency must be upheld if, after reviewing the entire record, the trial court determines that substantial evidence exists supporting the agency's findings. The independent judgment or weight of the evidence test, on the other hand, requires the trial court to reconsider the evidence and make its own independent findings of fact. (See *Bixby* v. *Pierno, supra,* 4 Cal.3d 130, 143-144.)

█ This court has repeatedly held that, with exceptions not pertinent here, the independent judgment review standard must be applied whenever an administrative decision substantially affects "fundamental vested rights." (*Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28, 34; *Bixby* v. *Pierno, supra,* 4 Cal.3d 130, 144; *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 914-915 [80 Cal.Rptr. 89, 458 P.2d 33].)

The term "vested" has been used in a nontechnical sense to denote generally a right "already possessed" (*Bixby* v. *Pierno, supra,* at p. 146) or "legitimately acquired." (*Strumsky* v. *San Diego County Employees Retirement Assn., supra,* at p. 34.) On this basis, this court has distinguished generally between applicants and recipients in determining whether a right is "vested" for the limited purpose of determining the applicable scope of review. For example, in the licensing area, "In cases involving *applications* for a license, the courts have largely deferred to the administrative expertise of the agency . . . [but] once the agency has initially exercised its expertise and determined that an individual fulfills the requirements to practice his profession, the agency's *subsequent revocation* of the license calls for an independent review of the facts . . . ." (*Bixby* v. *Pierno, supra,* at p. 146, italics added; compare *Drummey* v. *State Bd. of Funeral Directors* (1939) 13 Cal.2d 75 [87 P.2d 848], with *McDonough* v. *Goodcell* (1939) 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205].) In the welfare area, a recent case has held that an *applicant* for welfare benefits had no vested right thereto and, accordingly, denial of benefits should be reviewed under the usual substantial evidence test; the court specifically distinguished situations involving *termination* of welfare benefits. (*Taylor* v. *Martin* (1972) 28 Cal.App.3d 1057, 1059 [105 Cal.Rptr. 211], hg. den.) In considering the nature of judicial review we

hold that respondent's right to continued welfare payments is "vested" within the meaning of the foregoing cases.

Given the rationale of the authorities cited above, it would appear irrelevant that the Legislature had retained the general power to amend or revoke benefits granted under its welfare programs (Welf. & Inst. Code, § 13502, repealed Stats. 1973, ch. 1216, § 55) or had granted the counties authority to modify or cancel welfare awards (Welf. & Inst. Code, § 13750, repealed Stats. 1973, ch. 1216, § 55). In every context in which the question of the standard of judicial review of administrative decisions arises, the administrative agency has the power to withdraw the benefit from the individual if certain conditions exist. But we have uniformly held that the relevant factor is whether a certain benefit or right is "already possessed" or was "legitimately acquired," not whether, once received, it was to remain permanently. Similarly, the fact that the right to future benefits is not irretrievably lost, when terminated, has no bearing on the question of whether a right is "vested."

■ Having concluded that the right to continued welfare benefits may be considered "vested," we consider whether that right is also "fundamental." In making such a determination, we have indicated that courts should weigh not only the economic aspect of the right, but also its "effect . . . in human terms and the importance of it to the individual in the life situation." (*Bixby* v. *Pierno, supra,* at p. 144.) Applying the *Bixby* principle we have held to be not so fundamental as to necessitate application of the independent judgment test, various rights and interests including the interest of an applicant in a zoning variance (*Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 510, fn. 1 [113 Cal.Rptr. 836, 522 P.2d 12]), a corporation's right to obtain approval of a recapitalization plan (*Bixby* v. *Pierno, supra,* at p. 130), the right of bridge bondholders to prevent the construction of a neighboring bridge (*Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317 [253 P.2d 659]), and the right of a water company in diverting water from a particular river (*Temescal Water Co.* v. *Dept. Public Works* (1955) 44 Cal.2d 90 [280 P.2d 1]). In those cases we concluded that the deferential substantial evidence standard should be used in reviewing the administrative decisions.

On the other hand, we have held various other rights to be of sufficient importance to the individual to justify independent judgment review. These have included a widow's right to receive a death allowance (*Strumsky* v. *San Diego County Employees Retirement Assn., supra*), the right to continued unemployment insurance compensation benefits

(*Thomas* v. *California Emp. Stab. Com.* (1952) 39 Cal.2d 501 [247 P.2d 561]), and the right to continue one's trade or profession (*Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 71-72 [64 Cal.Rptr. 785, 435 P.2d 553]; *Drummey* v. *State Bd. of Funeral Directors, supra; Faulkner* v. *Public Employees' Retirement System* (1975) 47 Cal.App.3d 731 [121 Cal.Rptr. 190] [retirement disability benefits]; *Hadley* v. *City of Ontario* (1974) 43 Cal.App.3d 121 [117 Cal.Rptr. 513] [job reinstatement]; *Valenzuela* v. *Board of Civil Service Comrs.* (1974) 40 Cal.App.3d 557 [115 Cal.Rptr. 103] [job reinstatement]; *Craver* v. *City of Los Angeles* (1974) 42 Cal.App.3d 76 [117 Cal.Rptr. 534] [disability retirement pension]).

Under the guidelines set forth in the foregoing cases, we conclude that the right of a welfare recipient to continued welfare benefits is a fundamental one. It is fundamental both in economic terms, and in terms of its "effect . . . in human terms and . . . [its] importance . . . to the individual in the life situation." (*Bixby* v. *Pierno, supra,* at p. 144.) Like the widow's retirement benefits which we deemed both vested and fundamental in *Strumsky, supra,* the right to continued welfare benefits involves, of course, the individual's means of support. (See also *Thomas* v. *California Emp. Stab. Com., supra,* 39 Cal.2d 501, holding that unemployment insurance benefits are a "property right," the denial of which warrants a limited trial de novo by the reviewing court.) Indeed, welfare benefits to an individual totally disabled from gaining employment are likely to be even more important and necessary than retirement benefits to an individual who may still be able physically to earn a livelihood. As we observed in *McCullough* v. *Terzian* (1970) 2 Cal.3d 647 [87 Cal.Rptr. 195, 470 P.2d 4, 47 A.L.R.3d 266], "Termination of aid to an eligible recipient deprives him of the very means for his survival and his situation becomes immediately desperate." (*Id.,* at pp. 653-654.) We think it significant that the United States Supreme Court in *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], has held that the right to welfare benefits is important enough to fall within the category of benefits to which due process rights attach. Under the principles of our prior cases, we find that this right is also important enough to trigger the independent judgment standard of review when an administrative determination has been made terminating a person's entitlement to this right.

■ Appellant argues that if the independent judgment standard is held applicable in administrative mandamus actions challenging welfare terminations, California's welfare program will lack conformity with the

federal regulations (see 42 U.S.C. § 1352(a)(3)) rendering the program ineligible for federal funding. Fortunately, we are not faced with a choice of preserving rights afforded under California law on the one hand, and continued federal welfare assistance on the other, for we find no inconsistency between the federal requirements and a rule requiring the independent judgment standard of review in welfare terminations cases.

Section 1352(a)(3) of title 42 United States Code requires a state seeking federal welfare assistance to establish a single state agency to administer the program of aid to the permanently and totally disabled. This requirement was made part of all of the welfare titles in the Social Security Act and still remains part of the aid to families with dependent children program (A.F.D.C.). (42 U.S.C. § 602(a)(3).) Thus, notwithstanding federal administrative assumption of the adult aid programs, including A.T.D., the program involved in the case now before us, the question herein presented remains of considerable interest, because of its continued relevance to the A.F.D.C. program.

Neither the "single state agency" requirement nor the federal regulations adopted to implement it would interfere with a rule requiring that a court use the independent judgment standard in reviewing welfare termination decisions. Section 205.100(b), 45 Code of Federal Regulations, cited by appellant, is silent on the standard of review to be applied by reviewing courts. Its provisions, which are concerned primarily with assuring that no other state agency may interfere in the making of decisions, rules, and regulations by the authorized single state agency, in no way preclude independent review by courts of the fact-finding process.

█ The trial court herein, in awarding benefits to respondent, erred in applying the substantial evidence test. Nevertheless, it is clear from the record that had the court properly applied the independent judgment test, it would have reached the same result, for this latter test is more favorable to respondent than that utilized by the trial court in ruling in her favor. █ Our power ". . . to affirm, modify or direct the entry of a final judgment . . . [is] to be liberally construed to the end that a cause may be disposed of on a single appeal." (*American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 219 [246 P.2d 935]; see Cal. Const., art. VI, § 11; Code Civ. Proc., §§ 43, 909; see also *Gudger* v. *Manton* (1943) 21 Cal.2d 537 [134 P.2d 217]; 6 Witkin, Cal. Procedure (2d ed. 1971)

Appeal, § 315, p. 4293.) Where the result, were we to remand, is foreordained from the record, we should exercise this power to dispose of the case without further proceedings.

■ Thus, we treat this appeal as if the trial court had exercised its independent judgment. Accordingly, our review of the record is limited to a determination whether there exists any substantial evidence in support of the trial court's judgment. (*Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308 [196 P.2d 20]; *Bixby* v. *Pierno, supra,* 4 Cal.3d 130 at p. 143, fn. 10.) We find ample substantial evidence that respondent suffered an impairment which would qualify her for ATD benefits during the period in question. Indeed, the Department does not contend otherwise.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**CLARK, J.,** Dissenting.—For the reasons perceptively given us by Chief Justice Gibson in his dissenting opinion in *Laisne* v. *Cal. St. Bd. of Optometry* (1942) 19 Cal.2d 831 [123 P.2d 457], by Justice Traynor in his concurring and dissenting opinion in *Dare* v. *Bd. of Medical Examiners* (1943) 21 Cal.2d 790 [136 P.2d 304] and his dissenting opinion in *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301 [196 P.2d 20], and by Justice Burke in his concurring and dissenting opinion in *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242] and his dissenting opinion in *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], I dissent.

California's trial de novo review of administrative action should be reexamined. (E.g., Travis, *Scope of "Independent Judgment" Review* (1975) 63 Cal.L.Rev. 27; Note, *Strumsky v. San Diego County Employees Retirement Association: Determining the Scope of Judicial Review of Administrative Decisions in California* (1975) 26 Hastings L.J. 1465; Gardner & Greenberger, *Judicial Review of Administrative Action and Responsible Government* (1975) 63 Geo.L.J. 7; Forkosch, *Judicial De Novo Review of Administrative Quasi-Judicial Fact Determinations* (1974) 25 Hastings L.J. 963; Molinari, *California Administrative Process: A Synthesis Updated* (1970) 10 Santa Clara Law. 274; 4 Davis, Administrative Law Treatise (1958) § 29.01 et seq.; Jaffe, *Judicial Review: Question*

*of Law* (1956) 69 Harv.L.Rev. 239; McGovney, *The California Chaos in Court Review of the Decisions of State Administrative Agencies* (1942) 15 So.Cal.L.Rev. 391.)