[Civ. No. 49986. First Dist., Div. Five. May 12, 1983.]

ALFRED SCHRIER, Plaintiff and Appellant, v.
SAN MATEO COUNTY EMPLOYEES' RETIREMENT
ASSOCIATION et al., Defendants and Respondents.

**COUNSEL**

Christopher D. Burdick and Carroll, Burdick & McDonough for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and Thomas Daniel Daly, Deputy District Attorney, for Defendants and Respondents.

**OPINION**

**HANING, J.**—This appeal is from a judgment denying a petition for writ of administrative mandamus brought by a medically retired deputy sheriff against the county retirement board, following the board's determination that appellant was no longer disabled and that his disability pension be terminated pursuant to Government Code section 31730. ▮ We affirm and hold that Government Code sections 31729 and 31730 do not compel the continuance of a disability retirement if the retiree is substantially able to perform the duties of a given permanent assignment within the office or department in which he or she was employed.[1]

▮ The trial court's finding that appellant is no longer disabled from performing his duties as a deputy sheriff is supported by substantial evidence. Ap-

---

[1]Government Code section 31729 states: "The board may require any disability beneficiary under age 55 to undergo medical examination. The examination shall be made by a physician or surgeon appointed by the board at the place of residence of the beneficiary or other place mutually agreed upon. Upon the basis of the examination the board shall determine whether the disability beneficiary is still physically or mentally incapacitated for service in the office or department of the county or district where he was employed and in the position held by him when retired for disability."

Government Code section 31730 states: "If the board determines that the beneficiary is not incapacitated, and his or her employer offers to reinstate that beneficiary, his or her retirement allowance shall be canceled forthwith, and he or she shall be reinstated in the county service pursuant to the regulations of the county or district for reemployment of personnel."

Unless otherwise stated, all further statutory references are to the Government Code.

pellant was injured on July 4, 1972, while on duty as a deputy sheriff. As a result thereof, he remained off work on disability until approximately September 1975, at which time he was placed on disability retirement due to orthopedic and ocular problems. His orthopedic problems at that time were best summarized by his primary physician as "persistent mechanical derangement of the cervical and lumbosacral spine which will have to continue to be managed by limitation of his physical activities. It is felt that he must be considered as having disability precluding heavy lifting, repeated bending and stooping and all other work categories involving physical activities greater than the category mentioned above." His ocular problem then consisted of a mild diplopia "in extreme lateral gaze and in gaze above the midline" with "vision of 20/20 in each eye," and "minimal residual impairment."

During his disability retirement, appellant completed college, received a B.A. degree, worked for a time as manager of the security department of a major department store, and subsequently obtained employment as a claims adjuster for a large casualty insurance carrier. His job as an adjuster required him to drive approximately 300 miles per week.

In 1978, the county required appellant to undergo a medical examination pursuant to section 31729, at which time his physical condition had improved significantly. The diagnostic impression of the examining orthopedic surgeon was: "Healed fracture of the left wrist and some mild chronic low back pain and an old healed fracture of the left index finger with slight limitation of extension, overall no functional disability. No treatment is indicated." One ophthalmologist found he might have difficulty driving a pursuit vehicle, but could "manage most other occupations without difficulty." Another noted that "his diplopia is mainly in the extremes of gaze and seems to have little effect on his behavior. The phoria in primary position is of such small degree that it would be quite unusual if he were not able to control it. It would be very few circumstances under which the residue described above would have a significant impact on Mr. Schrier's behavior or ability to perform." The disability evaluation team of the department of social services concluded that appellant was "currently capable of performing the duties of deputy sheriff." The assistant sheriff in charge of administrative services testified that the sheriff's office has many assignments that do not involve pursuit driving. Since appellant had been driving at least 300 miles per week without difficulty in the course of his employment as an adjuster, normal driving is not an issue.

Both parties agree that the trial court was required to, and did, exercise its independent judgment on the evidence and the record before the board. (See *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29].) ▮ Our review is restricted to a

"determination of whether the evidence, viewed in the light most favorable to the respondent, sustains the findings of the trial court, resolving any reasonable doubts in favor of those findings." (*Harmon* v. *Board of Retirement* (1976) 62 Cal.App.3d 689, 692 [133 Cal.Rptr. 154].) The facts herein constitute substantial evidence of appellant's recovery.

Appellant contends that *Newman* v. *City of Oakland Retirement Bd.* (1978) 80 Cal.App.3d 450 [145 Cal.Rptr. 628], requires reversal, but *Newman* is distinguishable. In *Newman,* the physical condition of the retired officer had not changed from the date of retirement, and the city's decision to reinstate the officer and terminate his pension was based on an admitted change of policy within the police department regarding standards under which disabled officers might be recalled. The instant case presents a retiree whose physical condition has improved significantly to the point where he is fit for duty, and no change of standards is involved. Sections 31729 and 31730 were applicable at all relevant times. The standard applicable to appellant is set forth in section 31729 as "incapacitated for service in the office or department of the county or district where he was employed and in the position held by him when retired for disability." When retired for disability, appellant was in the position of deputy sheriff. The only current limitation which affects his incapacity is the possible inability to drive a pursuit vehicle. However, there are many permanent full-time positions in the sheriff's office which do not require vehicular pursuit.

 Appellant urges a "full range of duties" construction of section 31729 to impose the requirement that unless he is fully fit for vehicular pursuit, he be found incapacitated. Existing authority does not support this position. While no cases specifically construing sections 31729 and 31730 can be located, similar language has been defined. *Mansperger* v. *Public Employees' Retirement System* (1970) 6 Cal.App.3d 873 [86 Cal.Rptr. 450] held that " 'incapacity for the performance of duty' within section 21022 means the *substantial* inability of the applicant to perform his usual duties." (*Id.,* at p. 876, italics in original.) In *Barber* v. *Retirement Board* (1971) 18 Cal.App.3d 273 [95 Cal.Rptr. 657] the phrase "incapacitated for the performance of his duty" in the San Francisco Charter section relating to firemen was construed to refer to "*duties required to be performed in a given permanent assignment within the department* . . . ." (*Id.,* at pp. 277-278, italics in original.) *Craver* v. *City of Los Angeles* (1974) 42 Cal.App.3d 76 [117 Cal.Rptr. 534], dealt with the similar issue of physically disabled police officers. Citing *Barber, supra, Craver* held that, ". . . where there are permanent light duty assignments and a person who becomes 'incapacitated for the performance of his duty . . . shall be retired,' that person should not be retired if he can perform duties in a given permanent assignment within the department. He need not be able to perform any and all duties performed by firemen or, in the instant case, policemen. Public policy supports

employment and utilization of the handicapped. (*Barber, supra.*) If a person can be employed in such an assignment, he should not be retired with payment of a disability retirement pension." (*Craver, supra,* 42 Cal.App.3d at pp. 79-80.) Recently, in *O'Toole* v. *Retirement Board* (1983) 139 Cal.App.3d 600 [188 Cal.Rptr. 853], another division of this court construed the phrase "incapacitated for the performance of his duty" in the San Francisco Charter section relating to policemen, and held that if the injured police officer "was able to perform the duties of his permanent assignment within the department, under the *Barber-Craver* standard, he should not be retired with a disability pension." (*Id.,* at p. 603.) Most persuasive, however, is *Harmon* v. *Board of Retirement, supra,* 62 Cal.App.3d at pp. 694-695, in which the court, defining the phrase "permanently incapacitated physically or mentally for the performance of his duties in the service" as contained in section 31724, adopted the construction of *Mansperger* and *Barber, supra.* Sections 31724, 31729 and 31730 are all in article 10, entitled "Disability Retirement," of the County Employees' Retirement Law. (Gov. Code, § 31450 et seq.) They were enacted simultaneously, deal with the same subject matter and are *in pari materia.* As such, they should be harmonized and similarly construed. (*People* v. *Navarro* (1972) 7 Cal.3d 248, 273-274 [102 Cal.Rptr. 137, 497 P.2d 481]; *Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 687 [91 Cal.Rptr. 585, 478 P.2d 17]; *Hamilton* v. *State Bd. of Education* (1981) 117 Cal.App.3d 132, 141 [172 Cal.Rptr. 748]; *In re Marriage of Pinto* (1972) 28 Cal.App.3d 86, 89 [104 Cal.Rptr. 371].)

With established rules of statutory construction in mind (see *Palos Verdes Faculty Assn.* v. *Palos Verdes Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155]) and the persuasive rationale of *Mansperger, Barber, Craver, O'Toole* and *Harmon, supra,* as precedent, we reject appellant's suggested construction of sections 31729 and 31730.

■ Appellant argues that section 31730 is unconstitutional on due process and equal protection grounds, contending that governmental employees in other retirement systems have different reinstatement rights.[2] The fact that the Legislature has placed other classes of governmental employees into different retirement systems does not, without more, deny appellant equal protection of the laws. The Constitution does not require uniform treatment; it requires only that the basis for classification be reasonable. (*Bilyeu* v. *State Employees' Retirement System* (1962) 58 Cal.2d 618, 623 [24 Cal.Rptr. 562, 375 P.2d 442].) ■ "Wide discretion is vested in the Legislature in making the

---

[2]Appellant cites the Public Employees' Retirement System (Gov. Code, § 20000 et seq.), the State Teachers' Retirement Law (Ed. Code, § 22000 et seq.), and the Judges' Retirement Law (Gov. Code, § 75000 et seq.) as examples of other such retirement systems.

classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous." (*Sacramento M. U. Dist.* v. *P. G. & E. Co.* (1942) 20 Cal.2d 684, 693 [128 P.2d 529].) The Legislature may reasonably classify peace officers and other employees differently. (*Bilyeu, supra.*) The distinctions between the Public Employees' Retirement System and the County Employees' Retirement Law have been recognized as valid classifications (*Pennington* v. *Workmen's Comp. Appeals Bd.* (1971) 20 Cal.App.3d 55, 58-60 [97 Cal.Rptr. 380]), and we cannot say that either system is arbitrary, unreasonable or erroneous beyond rational doubt.

Appellant's claim that the trial court failed to make findings concerning a "full range of duties" standard is irrelevant. The proper standard is that contained in sections 31729 and 31730, as defined in *Harmon, supra,* 62 Cal.App.3d 689, and again herein, and the trial court properly applied that standard. Appellant cites no relevant authority to support his remaining contention that his return to work under the provisions of section 31730 will deprive him of retirement benefits as a safety member. Further, this contention is based on an unsupported factual supposition.

The judgment is affirmed.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied June 8, 1983, and appellant's petition for a hearing by the Supreme Court was denied July 27, 1983.