[No. B049842. Second Dist., Div. Four. May 23, 1991.]

BENJAMIN COOPER, Plaintiff and Appellant, v.
KENNETH W. KIZER, as Director, etc., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for
publication with the exception of part II.

**COUNSEL**

Joy Young Stephenson for Plaintiff and Appellant.

John K. Van De Kamp and Daniel E. Lungren, Attorneys General, Charlton G. Holland, Assistant Attorney General, Anne S. Pressman and Wendi A. Horwitz, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

EPSTEIN, J.—In this case we are asked to determine the appropriate standard of review of an administrative decision denying an application for Medi-Cal benefits for the disabled. Appellant challenges the adequacy of the administrative finding that he was not disabled. He also contends that he should have been found disabled within the applicable statutory guidelines. Respondent contends that the trial court properly exercised independent judgment in reviewing the administrative record pursuant to Code of Civil Procedure section 1094.5 and hence that the findings of the administrative law judge are not properly before us. We agree with respondent that the trial court properly exercised its independent judgment and decline to review the findings of the administrative law judge. In the unpublished portion of this opinion, we conclude that the trial court's finding that appellant is not disabled is supported by substantial evidence. We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

We provide only a general summary of the factual and procedural history, reserving a detailed review of the facts regarding the asserted errors for our discussion of those issues.

Appellant applied for Medi-Cal benefits to the disabled on March 7, 1986. He claims that he has been disabled and unable to work since 1985. He argues that the administrative record supports a finding that he is disabled because of a seizure disorder, shoulder and hip pain. His application for benefits was denied in January 1987, and appellant filed a request for a fair hearing.

The administrative law judge held a hearing, receiving testimony from appellant. The record was left open to include an orthopedic evaluation ordered by the administrative law judge. In January 1988, after receipt of the orthopedic evaluation, the administrative law judge determined that appellant was not disabled. Respondent adopted the decision of the administrative law judge. Appellant filed a timely petition for a writ of mandamus pursuant to Code of Civil Procedure section 1094.5.

Following a hearing which did not include the presentation of testimony or new evidence, the trial court filed its statement of decision finding that while appellant did have physical limitations, he was able to perform sedentary work. The trial court also found that the evidence of mental limitations was not, alone, sufficient to support a finding of disability to perform sedentary work. In particular, the trial court determined that the evidence in the record did not establish that appellant suffered from uncontrollable seizures. The trial court concluded: "Thus whether the 'substantial evidence' or 'independent judgment' test is applied, the ALJ's decision must be upheld. The court notes, however, that some years have passed since this application and review process began. If those years have generated evidence which would establish that petitioner indeed suffers from uncontrollable seizures causing loss of conciousness [*sic* ] as claimed, this would seem to establish a substantial impairment establishing a disability." Appellant filed a timely notice of appeal.

DISCUSSION

I

*Standard of Review*

At the heart of this appeal is appellant's argument that respondent Department of Health Services failed to make specific findings regarding his claims of seizures and pain. Appellant contends that such findings are crucial to the trial court's review of the administrative record in order to determine whether respondent abused its discretion in denying him eligibility. Respondent asserts that the administrative findings are not material to our review because the trial court properly exercised its independent judgment in determining that appellant is not disabled and therefore is not entitled to Medi-Cal benefits. We agree with respondent for the reasons discussed below.[1]

The regulations governing eligibility for Medi-Cal benefits are set out at title 22, California Code of Regulations, section 50000 et seq.[2] Section 50951 provides that an unsuccessful applicant may seek judicial review of the administrative decision of the department through an administrative writ of mandate and subsequent review by this court pursuant to Welfare and Institutions Code sections 10950-10965. Welfare and Institutions Code

---

[1]Respondent also contends that appellant failed to raise all but one of the issues here in the trial court. On a review of the record, we are satisfied that appellant adequately preserved these issues for appeal.

[2]All further references to these regulations are to title 22 of the California Code of Regulations unless otherwise stated.

section 10962 provides for judicial review through the administrative mandate process, pursuant to Code of Civil Procedure section 1094.5.

■ Both Code of Civil Procedure section 1094.5 and Welfare and Institutions Code section 10962 have been construed as leaving to the courts the establishment of standards for deciding which cases require independent judgment review and which substantial evidence review. (*Frink* v. *Prod* (1982) 31 Cal.3d 166, 173-174 [181 Cal.Rptr. 893, 643 P.2d 476].) We must balance a number of factors in determining which standard applies. In the seminal case of *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242], the Supreme Court distinguished between administrative cases in which an applicant seeks to qualify for program benefits from cases in which the benefits of an individual, who previously had been found to be eligible, are terminated. "The courts must decide on a case-by-case basis whether an administrative decision or class of decisions substantially affects fundamental vested rights and thus requires independent judgment review. [Citations.] As we shall explain, the courts in this case-by-case analysis consider the nature of the right of the individual: whether it is a fundamental and basic one, which will suffer substantial interference by the action of the administrative agency, and, if it is such a fundamental right, whether it is possessed by, and vested in, the individual or merely sought by him. In the latter case, since the administrative agency must engage in the delicate task of determining whether the individual qualifies for the sought right, the courts have deferred to the administrative expertise of the agency. If, however, the right has been acquired by the individual, and if the right is fundamental, the courts have held the loss of it is sufficiently vital to the individual to compel a full and independent review. The abrogation of the right is too important to the individual to relegate it to exclusive administrative extinction. [¶] In determining whether the right is fundamental the courts do not alone weigh the economic aspect of it, but the effect of it in human terms and the importance of it to the individual in the life situation." (*Bixby* v. *Pierno, supra,* 4 Cal.3d at p. 144.) As this passage indicates, the *Bixby* court looked to the degree to which a "right is 'vested,' that is, already possessed by the individual," in deciding whether the right involved was sufficiently fundamental to justify independent judgment review. (4 Cal.3d at p. 146.)

The Supreme Court again explained the fundamental vested right test for independent judgment review in *Interstate Brands* v. *Unemployment Ins. Appeals Bd.* (1980) 26 Cal.3d 770, 774 [163 Cal.Rptr. 619, 608 P.2d 707]. The *Bixby* rule was restated as follows: " 'The essence to be distilled is this: When an administrative decision affects a right which has been legitimately acquired or is otherwise "vested," and when that right is of a fundamental nature from the standpoint of its economic aspect *or* its "effect . . . in

human terms and the importance . . . to the individual in the life situation," then a full and independent *judicial* review of that decision is indicated. . . .' (*Strumsky* [v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28,] 34 [(112 Cal.Rptr. 805, 520 P.2d 29)], first italics added.) Thus, we suggested, a right may be deemed fundamental within the meaning of *Bixby* on either or both of two bases: (1) the character and quality of its economic aspect; (2) the character and quality of its human aspect." (26 Cal.3d at p. 780.)

In *Frink* v. *Prod, supra*, 31 Cal.3d at pages 178-180, the Supreme Court extended independent judgment review to decisions denying applications for welfare benefits. In so holding, the court relied on *Harlow* v. *Carleson* (1976) 16 Cal.3d 731, 737 [129 Cal.Rptr. 298, 548 P.2d 698], which held that the right of a welfare recipient to continued welfare benefits is fundamental " 'both in economic terms, and in terms of its "effect . . . in human terms and . . . [its] importance . . . to the individual in the life situation." (*Bixby* v. *Pierno, supra*, at p. 144.) . . . . We think it significant that the United States Supreme Court in *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], has held that the right to welfare benefits is important enough to fall within the category of benefits to which due process rights attach.' " (31 Cal.3d at pp. 178-179.)

In *Frink*, the court reviewed the cases following *Bixby* in which independent judgment review had been denied to applicants for welfare benefits. "The decisions subsequent to *Bixby* denying independent review to decisions on applications for welfare benefits were not based on the theory that there was no fundamental right but reasoned that the right of the applicant was not vested. [Citations.] Although *Bixby* distinguished between possessed and vested rights and rights 'merely sought' (4 Cal.3d at p. 144), it immediately pointed out the reason for substantial evidence review in the latter situation: '[S]ince the administrative agency must engage in the delicate task of determining whether the individual qualifies for the sought right, the courts have deferred to the administrative expertise of the agency.' [(*Ibid.*)] When the court, discussing licensing cases, returned to the vested issue, it again pointed out that courts 'are relatively ill-equipped to determine whether an individual would be qualified, for example, to practice a particular profession or trade. [Citation.] . . . Once the agency has initially exercised its expertise and determined that an individual fulfills the requirements to practice his profession, the agency's subsequent revocation of the license calls for an independent judgment review.' (4 Cal.3d at p. 146.)" (31 Cal.3d at p. 179.)

The court in *Frink* went on to analyze nonlicense cases following *Bixby* in which independent judgment review was applied to applications for benefits

as well as to decisions terminating or revoking benefits. (31 Cal.3d at p. 179.) The court observed: "Evaluating the degree to which the right is vested, it is apparent that the right to welfare benefits is not based on expertise, competence, learning, or purchase or ownership claim. Determination of qualification for public assistance does not involve the 'delicate task' of evaluating competence to engage in a broad field of endeavor as is true in most licensing cases. [¶] Rather, the qualification for public assistance primarily is based on need, the absence of income or other source of funds. The applicant for public assistance is seeking aid because of deterioration of his life situation in economic terms. Unlike the applicant for a license, he is not seeking advancement of his earlier life situation. The statutory public assistance programs provide protection to citizens who through economic adversity are in need and as such should be viewed as residual rights possessed by all of the citizenry to be exercised when circumstances require." (*Id.* at p. 180.) The court in *Frink* concluded: "While the degree to which the right is vested may not be overwhelming, the degree of fundamentalness is. Weighing them together as required by *Bixby* and *Interstate Brands*, we conclude the independent judgment standard should be applied to decisions denying applications for welfare benefits." (*Id.* at p. 180.)

█ The parties have not cited any authority directly addressing whether an administrative decision denying a claim for Medi-Cal benefits on the basis of disability is subject to independent judgment review, and we have found none. Nonetheless, the rationale of the *Frink* case and cases recognizing the fundamental nature of programs for the disabled make it clear that independent judgment review must be applied in this case.

The United States Supreme Court found such a fundamental right in ruling that due process rights attach when Social Security disability benefits are terminated. (*Mathews* v. *Eldridge* (1975) 424 U.S. 319, 332 [47 L.Ed.2d 18, 31-32, 96 S.Ct. 893].) In *Townley* v. *Heckler* (2d Cir. 1984) 748 F.2d 109, 114, the court of appeals relied on *Mathews* v. *Eldridge, supra,* in extending due process rights to a claimant for Social Security disability.

The legislative history of the Medicaid program supports our conclusion that these benefits are sufficiently fundamental to warrant independent judgment review: "In establishing the Medicaid program, Congress required participating States to provide medical assistance to individuals who received cash payments under one of these assistance programs. 79 Stat. 345, as amended, 42 U.S.C. § 1396a(a)(10)(A). The House Report explained: 'These people are the most needy in the country and it is appropriate for medical care costs to be met, first, for these people.' (Fn. omitted.) They are

the 'categorically needy.' "[3] (*Schweiker* v. *Hogan* (1982) 457 U.S. 569, 572 [73 L.Ed.2d 227, 231-232, 102 S.Ct. 2597].)

We conclude that the right of a disabled applicant to Medi-Cal benefits is fundamental. Like the applicant for public assistance, the disabled applicant for medical benefits is in need because of deterioration in his or her life situation. (See *Frink* v. *Prod, supra*, 31 Cal.3d at p. 180.) The need of disabled persons for medical care is particularly acute. Therefore, an administrative decision denying an application for Medi-Cal benefits comes within the rule articulated in *Frink* v. *Prod, supra*, 31 Cal.3d at page 180. It follows that the trial court properly exercised independent judgment in reviewing the administrative record. It was required to reconsider the evidence and make its own independent findings of fact. (*Harlow* v. *Carleson, supra*, 16 Cal.3d 731, 735.)

█ On appeal from the denial of a petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5 where the trial court exercised its independent judgment, we must determine "whether the findings and judgment *of the trial court* are supported by substantial, credible and competent evidence." (*Evans* v. *Unemployment Ins. Appeals Bd.* (1985) 39 Cal.3d 398, 407 [216 Cal.Rptr. 782, 703 P.2d 122], italics added.) All conflicts in the evidence must be resolved and all inferences drawn in favor of the judgment. (*Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 697 [139 Cal.Rptr. 700, 566 P.2d 602].) "After the trial court has exercised its independent judgment upon the weight of the evidence, an appellate court need only review the record to determine whether the trial court's findings are supported by substantial evidence." (*Bixby* v. *Pierno, supra*, 4 Cal.3d at p. 143, fn. 10.)

Therefore, we need not reach the merits of appellant's argument that respondent failed to make specific findings of fact regarding his seizures and claimed pain. Appellant relies on the federal rule that requires federal administrative law judges to make specific findings where the testimony of the applicant as to "excessive pain"[4] is found to lack credibility and disability based on pain is not awarded. (*Varney* v. *Secretary of Health & Human Services, supra*, 846 F.2d at p. 584.) These federal cases are inapposite because, in the federal system, the district court judge reviews the administrative decision under a substantial evidence standard. (*Martinez* v. *Heckler* (9th Cir. 1987) 807 F.2d 771, 772.) As we have pointed out, California trial

[3]The "categorically needy" include the blind, the disabled, and families with dependent children. (*Schweiker* v. *Hogan, supra*, 457 U.S. at p. 572 [73 L.Ed.2d at p. 231].)

[4]"Excessive pain testimony" is defined as testimony by a claimant to pain associated with a medical impairment greater than the impairment would normally be expected to produce. (*Varney* v. *Secretary of Health & Human Services* (9th Cir. 1988) 846 F.2d 581, 584.)

courts apply independent judgment in their review of the evidence of disability and thus are not bound by the findings of the administrative law judge. The trial court in reviewing the administrative record must make its own determination of the credibility of witnesses. (*Guymon* v. *Board of Accountancy* (1976) 55 Cal.App.3d 1010, 1015-1016 [128 Cal.Rptr. 137].) Therefore, the value of and need for findings by the administrative law judge are quite different here. We are obliged to uphold the determination by the trial court if supported by substantial evidence.

■ Appellant's argument that specific findings as to his claim for disability based upon pain were required is undermined, as we discuss in the unpublished portion of this opinion, by the dearth of testimony regarding pain at the administrative hearing.

"The general rule is that a hearing on a writ of administrative mandamus is conducted solely on the record of the proceeding before the administrative agency. [Citation.] [Code of Civil Procedure] Section 1094.5 contains limited exceptions to this rule. 'It is error for the court to permit the record to be augmented, in the absence of a proper preliminary foundation . . . showing that one of these exceptions applies.' [Citation.] [¶] As this court stated in *Windigo Mills* v. *Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 595-597 [155 Cal.Rptr. 63]: ' "It is not contemplated by the code provision that there should be a trial de novo before the court reviewing the administrative agency's action even under the independent review test." [Citations.] Public policy requires a litigant to produce all existing evidence on his behalf at the administrative hearing . . . .' " (*Toyota of Visalia, Inc.* v. *New Motor Vehicle Bd.* (1987) 188 Cal.App.3d 872, 881 [233 Cal.Rptr. 708].) ■ We therefore see no reason to create a special rule requiring specific findings on a determination of eligibility for Medi-Cal benefits absent some legislative direction to do so. Welfare and Institutions Code section 10958 merely requires the administrative law judge to prepare "a fair, impartial, and independent proposed decision, in writing and in such format that it may be adopted as the director's decision . . . ." Welfare and Institutions Code section 10958.1 provides: "The issues at the hearing shall be limited to those issues which are reasonably related to the request for hearing or other issues identified by either party which they have mutually agreed, prior to or at the hearing, to discuss. All of those issues shall be addressed in the hearing decisions." This language does not require specific findings by the administrative law judge or respondent as to the credibility of the claimant's testimony regarding disabling pain.

Appellant's primary concern is the adequacy of a record for review. ■ This concern is met by the general rule codified in Code of Civil Procedure section 632. Thus, if a timely request is made, the trial court is

required to "issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial . . . ." It is, of course, well established that Code of Civil Procedure section 632 applies to administrative mandamus proceedings in which the trial court exercises its independent judgment in reviewing the record. (See *Bevli* v. *Brisco* (1985) 165 Cal.App.3d 812, 822 [212 Cal.Rptr. 36]; *Martinez* v. *County of Tulare* (1987) 190 Cal.App.3d 1430, 1434 [235 Cal.Rptr. 851]; see also 8 Witkin, Cal. Procedure (1990 supp.) Extraordinary Writs, § 294, p. 104.) ▮▮▮ Such a request was made in this case, and no issue was raised as to the adequacy of the statement of decision.

II

*The Decision of the Trial Court Is Supported by Substantial Evidence\**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The judgment of the trial court is affirmed.

Woods (A. M.), P. J., and Goertzen, J., concurred.

A petition for a rehearing was denied June 11, 1991.

---

\*See footnote, *ante*, page 1291.